Mark W. Skanes (SBN 322072)
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email: mskanes@rosewaldorf.com

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO | Case No.: 5:24-cv-6274 |
| Plaintiff, | (Removed from Santa Clara County Superior Court, Case No. 24CV444326) |
| vs. | |
| FCA US, LLC; and DOES 1 through 10, inclusive, | **DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026** |
| Defendants. | |

I, Mark W. Skanes, declare:

1. I am an attorney duly licensed to practice law before all of the courts of the State of California and the United States District Court for the Northern District of California, and I am a partner with ROSEWALDORF LLP, attorney of record for Defendant FCA US LLC ("FCA US") in this action. I am a member in good standing with the State Bar of California.

2. I have personal knowledge of the following facts, except for those based upon information and belief, which I believe to be true, and if called upon to testify, I would and could competently testify to their truth and accuracy.

3. This Declaration is submitted in response to this Court's Order to Show

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026

Cause, dated April 1, 2026 (Doc. 41).

4. RoseWaldorf LLP was retained by FCA US to defend its interests in this matter. I was initially assigned to this matter, along with an associate, Claudia Gavrilescu, Esq.

5. On September 5, 2024, I worked with Attorney Gavrilescu on completing and filing the Notice of Removal of this matter to this Court.

6. Upon removal, the case was initially assigned to the Honorable Virginia K. DeMarchi (Doc. 5).

7. Thereafter, the case was reassigned to the Honorable P. Casey Pitts (Doc. 8).

8. On February 24, 2025, the case was reassigned a third time to the Honorable Noel Wise.

9. Upon reassignment to Judge Wise, our office calendared the relevant deadlines in Judge Wise's Pretrial Order (Doc. 25).

10. Similar to this Court's reassignment of this matter, RoseWaldorf LLP reassigned the matter internally as well.

11. Specifically, given the dramatic increase in volume of Song-Beverly based matters filed in the past year, RoseWaldorf LLP hired several more attorneys, paralegals and litigation secretaries to help reduce case counts and more actively manage litigation matters.

12. In January of 2026, RoseWaldorf started the process of transferring this matter, among many others, to other lead handling attorneys within the firm.

13. On February 24, 2026, this matter (along with several others) was reassigned from me to another partner in the firm, Michael Mehall, Esq., for management. For consistency, Attorney Gavrilescu remained assigned to the matter, along with several of the assigned supporting staff members.

14. A team of paralegals and support staff were tasked with preparing notices of appearances for Attorney Mehall and withdrawals for the undersigned counsel in the

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026

various matters that were reassigned.

15. Due to a backlog of matters, however, the appearance/withdrawal formally reflecting the change of partner overseeing this matter was not filed with this Court prior to the March 18, 2026 deadline for the filing of the Joint Pretrial Statement.

16. Nevertheless, on March 10, 2026, this matter was part of an internal audit of cases and Attorney Gavrilescu and the team of paralegals working on this matter confirmed the deadlines set forth in the Pretrial Order (Doc. 25).

17. In addition, the March 18, 2026 deadline to confirm the filing of the Joint Pretrial Statement was calendared in the firm's master calendar and was assigned to Attorney Gavrilescu.

18. Although as of March 18, 2026, the docket did not reflect the change in handling attorney, the change to Attorney Mehall as the partner assigned was reflected internally on RoseWaldorf's file management system.

19. Therefore, I reasonably relied upon this internal reassignment, and it was my belief that necessary deadlines, including the March 18, 2026 Joint Pretrial Statement Deadline, would be met.

20. In the numerous other matters our office has with Strategic Legal Practices ("SLP"), our pattern and practice regarding trial documents has been that SLP prepares the initial draft of joint pre-trial documents and our office provides comments, changes and additions as necessary.

21. Upon information and belief, our office relied upon this pattern and practice with SLP and was awaiting SLP's version of the trial documents in this matter for our input, additions and changes.

22. In this matter, however, our office never received the initial draft of the Joint Pretrial Statement from SLP prior to the March 18, 2026 deadline.

23. Upon information and belief, our office did not receive any efforts by SLP to meet and confer prior to the March 18, 2026 deadline.

24. Upon information and belief, Attorney Gavrilescu did not prepare and file

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026

the Joint Pretrial Statement on or before March 18, 2026, as she believed it was Plaintiff's counsel's obligation to prepare and circulate the joint statement.

25. Furthermore, despite the transfer of matters internally, I would frequently follow up with the team of reassigned attorneys and paralegals to confirm that deadlines were being met. However, on March 18, 2026, I was out of the office for a majority of the day due to complications from a recent minor surgery. Therefore, I did not conduct a second review of all calendar deadlines for that day or inquire as to whether as I might have normally done to ensure that the Joint Pretrial Statement was filed.

26. Upon information and belief, on March 19, 2026, Attorney Mehall realized the deadline to file the Joint Pretrial Statement in this matter had passed and immediately asked Attorney Gavrilescu to meet and confer with SLP regarding the Joint Pretrial Statement and the remaining trial documents.

27. On March 23, 2026, I reviewed the Court's Order to Show Cause (Doc. 28) and believed the matter was directed towards Plaintiff, as the threatened sanction was dismissal "for failure to prosecute" (*id.*). The Order required "the parties" to appear in person for the hearing on April 1, 2026 – the date of the Final Pretrial Conference.

28. At that time, Attorney Mehall assigned Attorney Glen Olives as lead trial counsel in this matter. Given that lead trial counsel is typically required to appear at the final pretrial conference (that was previously scheduled for the same day, April 1, 2026), Attorney Olives appeared for the April 1, 2026 hearing.

29. Additionally, for the sake of consistency, Attorney Olives submitted a Declaration in response to the Court's March 23, 2026 Order to Show cause.

30. Had I known that the Court required my appearance at the April 1, 2026 hearing, I would have appeared.

31. In further response to the Court's April 1, 2026 Order, I hereby provide notice that I was personally sanctioned in the following matters:

    a. *Caldwell v. FCA US LLC,* Case No.: CU24-09230 (Solano County Superior Court). By Order, dated January 16, 2026, I was sanctioned

$350 for failure to timely file a Settlement Conference Statement. The sanctions payment was due on or before February 13, 2026, and the sanction was paid on January 23, 2026.

b. *Gonzalez v. FCA US LLC,* Case No.: 22LBCV00491 (Los Angeles County Superior Court). By Order, dated October 25, 2023, I was sanctioned $250 for failure to consummate a settlement. Sanctions were due on or before November 27, 2023, and the sanction was paid on November 2, 2023.

c. *Bell v. FCA US LLC,* Case No.: CV0003980 (Marin County Superior Court). By Order, dated February 28, 2025, I was sanctioned $149 for failing to appear for a Case Management Conference. Sanctions were due by March 11, 2025, and the sanction was paid on March 10, 2025.

32. I am unaware of any non-monetary sanction being imposed upon me personally and I am unaware of any instance where a court found that I personally breached any rules of professional conduct.

33. I reiterate that due to the unprecedented increase in the number of Song-Beverly matters being filed in California state and federal courts in recent years, RoseWaldorf has continually hired additional attorneys, paralegals and staff to accommodate the influx of new matters. In addition, RoseWaldorf has transferred matters internally, like this matter, to other attorneys for handling to ensure proper management of cases. This includes the transfer of files from one partner to another, like here, in order to coordinate more significant file management efforts.

34. I, along with the entire firm, will continue those efforts to ensure that no further deadlines in this matter or others are missed.

35. I sincerely apologize to the Court and respectfully requests that no sanctions are issued in this matter.

36. Furthermore, I am a resident of the State of New York and the personal

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026

appearance before this Court on April 20, 2026 already presents a significant financial burden and personal hardship as I will be required to incur significant travel costs and will likely be required to travel on a Sunday and miss the day with my family and church services. Therefore, I ask that the Court not issue any further monetary sanctions in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of April, 2026.


By: s/ Mark W. Skanes
    Mark W. Skanes, Esq.

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026

## **PROOF OF SERVICE**

I hereby certify that the foregoing Declaration of Mark W. Skanes, Esq. in response to this Court's April 1, 2026 Order to Show Cause, was served electronically upon the email address provided for Plaintiffs' counsel of record through the Court's CM/ECF system on this 10th day of April, 2026.

Dated:  April 10, 2026                                  **ROSEWALDORF LLP**


By: _____s/ Mark W. Skanes
Mark W Skanes, Esq.

DECLARATION OF MARK W. SKANES IN RESPONSE TO ORDER TO SHOW CAUSE, DATED APRIL 1, 2026