UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO, | Case No. 24-cv-06274-NW |
| Plaintiff, | |
| v. | **ORDER IMPOSING SANCTIONS AND CONTINUING ORDER TO SHOW CAUSE AS TO PLAINTIFF AND PLAINTIFF'S COUNSEL** |
| FCA US, LLC, | |
| Defendant. | Re: ECF No. 43 |

The Court's Order to Show Cause, ECF No. 43, remains in place. The Court discharges the Order to Show Cause as to Defendant, maintains the Order to Show Cause as to Plaintiff, and imposes sanctions on counsel for both parties.

## I.      BACKGROUND

The Court assumes familiarity with the background of this case and recites only facts relevant to this Order.

On July 31, 2024, Plaintiff Santiago Talavera Castro initiated this case in state court alleging a violation of California's Song-Beverly Consumer Warranty Act (sometimes referenced as "Song-Beverly" or "Lemon Law"). ECF No. 1-1. Plaintiff retained Strategic Legal Practices, APC ("SLP") to represent him. Defendant FCA US, LLC, represented by RoseWaldorf LLP, answered the complaint and then removed the case to this District on September 5, 2024. ECF No. 1.

Shortly after holding an initial case management conference on May 6, 2025, the Court issued a trial setting order. ECF Nos. 24, 25. The Court set a pretrial conference for April 1, 2026, and scheduled a jury trial to begin on April 13, 2026. *Id*. The parties' pretrial materials were due on March 18, 2026. The parties failed to file any pretrial materials by the deadline.

United States District Court
Northern District of California

**A.     March 23, 2026 Order to Show Cause and Related Hearing**

On March 23, 2026, the Court issued an Order to Show Cause ("OSC") why the parties did not timely comply with Court pretrial deadlines, and why this case should not be dismissed for failure to prosecute.  *See* Federal Rules of Civil Procedure 41(b), 16(f); ECF No. 28.

On April 1, 2026, the Court held a hearing on the OSC and inquired as to which counsel represented each party on March 18, 2026, the date the pretrial materials were due.  ECF No. 41. The Court noted that the counsel who newly appeared at the hearing (Mr. Olives and Mr. Tabash), had only recently substituted into the case.  Neither was counsel of record as of March 18, 2026, and neither could speak to the circumstances surrounding why the parties failed to submit any pretrial materials.

Also on April 1, 2026, the Court learned that another judge in this District issued an order on March 19, 2026, imposing sanctions against Rabiya Tirmizi, a former Senior Counsel at SLP.[1] *See Lopez v. Ford Motor Co.*, No. 24-CV-02155-BLF, 2026 WL 782497, at *2 (N.D. Cal. Mar. 19, 2026).  The Court found it troubling and oddly coincidental that SLP attorneys were sanctioned in this District only days before.

**B.     Order Continuing the OSC**

Following the April 1, 2026 hearing, the Court issued an Order Continuing the OSC ("Continued OSC").  The Court required each counsel who served as counsel of record as of March 18, 2026, to file a separate and individual response with supporting declarations that outlined: (1) an explanation of why they did not comply with the Court's Orders; (2) whether they have ever been sanctioned in federal or state court, regardless of whether the sanction was reportable to the State Bar of California; and (3) if the lawyer has been sanctioned, the date of

---

[1]  In *Lopez*, the court found that Ms. Tirmizi had violated Rule 11(b) by engaging in "uncivil name calling and a material misrepresentation of procedural facts."  *Lopez*, 2026 WL 782497 at *2.  The court emphasized that "[t]he fact that these statements were mistakenly included because they were taken from a template only serves to show the degree of carelessness involved, which is inconsistent with an objective standard of reasonableness for an officer of the court."  *Id*.  Tionna Carvalho, Elizabeth LaRocque, and Rabiya Tirmizi were counsel of record in *Lopez*.  The court held Ms. Tirmizi and SLP jointly responsible for paying the sanction of $500.  As discussed further in this Order, Ms. Tirmizi has since filed a notice of disassociation from SLP.

sanction, the court that issued the sanction, the amount of the sanction, and when the sanction was paid. Additionally, each attorney was required to report the imposition of non-monetary sanctions and any instance where a court found the attorney breached professional conduct obligations, irrespective of any sanction.

The Court received three responses to the Continued OSC from Plaintiff's counsel, Tionna Carvalho (one of only two current SLP partners), Larry Chae, and Elizabeth LaRocque, and two responses from Defendant's counsel, Mark Skanes and Claudia Gavrilescu. Each counsel reported being sanctioned, with most of those sanctions occurring in the last two years: Ms. Carvalho – 19 sanctions; Mr. Chae – 2 sanctions[2]; Ms. LaRocque – 5 sanctions; Mr. Skanes – 3 sanctions; and Ms. Gavrilescu – 2 sanctions.

In their declarations, Plaintiff's counsel explained that SLP divides work between pre-trial and trial teams, with no consistent, responsible attorney assigned throughout the lifecycle of a case. Further, multiple SLP attorneys who were originally assigned to this matter left the firm in the last year, including former Senior Counsel, Rabiya Tirmizi, who was counsel of record as of March 18, 2026. ECF No. 49 at 3. Ms. Tirmizi filed a notice of disassociation with SLP on March 31, 2026, notably, a week after the OSC. *See* ECF No. 40. In an exhibit to her declaration, Ms. Carvalho stated that her research yielded five sanctions against Ms. Tirmizi. ECF No. 49, Ex. 1.

Despite the avalanche of sanctions, it does not appear that the State Bar of California has disciplined any of the SLP lawyers involved in this case. This is perplexing given that, at least for Ms. Carvalho, in February of this year she was twice sanctioned (in two separate cases) $1,500, an amount exceeding the $1,000 threshold that mandates a report to the State Bar.

In their respective declarations, Defendant's counsel explained that RoseWaldorf had anticipated outreach from SLP to initiate pretrial conferences and filings. ECF No. 46. Counsel

---

[2] Initially Mr. Chae did not report any sanctions in his response to the Continued OSC. ECF No. 50. After the Court ordered him to file a supplemental declaration affirming that he had not been sanctioned, Mr. Chae acknowledged that he has been sanctioned twice; the first by a court prior to the OSC, and the second imposed after Mr. Chae's response to the OSC but before this Court issued the Continued OSC. ECF No. 61.

United States District Court
Northern District of California

also acknowledged that they did not proactively reach out to SLP in advance of the March 18, 2026 pretrial filing deadline, and only contacted SLP on March 19, 2026, after realizing that the deadline had passed.

### C.    April 22, 2026 Hearing

The Court held a hearing on the Continued OSC on April 22, 2026.  The Court observed that all counsel had been sanctioned multiple times in the last few years.  In several instances those attorneys had practiced for many prior years, ostensibly without being subject to any sanctions.[3]

The Court expressed concern about the rapidly growing number of sanctions against SLP attorneys.  The Court noted that shortly before the hearing it conducted a brief search and found multiple recent orders imposing sanctions on various SLP attorneys in this District and others. The frequency of those sanctions prompted the Court to inquire whether SLP has also been sanctioned as a firm, and whether courts had imposed sanctions since the SLP attorneys filed their declarations.

Perhaps anticipating this line of questioning, Ms. Carvalho provided the Court with a hard copy of a March 26, 2026 Order from the Central District of California in which the judge imposed a $10,000 sanction against SLP.  *Brittany Michelle Chapman v. FCA US, LCC*, No. 2:25-CV-07336-SB-SK, ECF No. 83, (C.D. Cal. Mar. 26, 2026).  Ms. Carvalho and two other SLP attorneys appeared on behalf of Plaintiff Chapman.  The first paragraph of the Order states:

> Plaintiff Brittany Michelle Chapman retained Strategic Legal Practices APC (the Firm) to represent her in this consumer warranty action. What followed was not merely inadequate representation but an abdication of counsel's core professional responsibility of providing competent, diligent, and accountable representation. The record reveals a volume-driven business approach to litigation— marked by perfunctory line-level attention, lack of meaningful supervision, and execution falling well below professional standards. Most strikingly, counsel approved and filed critical trial documents that effectively doomed their client's case by requiring Plaintiff to prove she purchased a "new" vehicle, despite the undisputed fact that it was preowned. These deficiencies were further compounded by counsel's failure to conduct a reasonable factual and legal investigation, to comply with basic pretrial obligations and court orders, and to provide timely and adequate responses when called to

---

[3] Each counsel affirmed that the sanctions listed in their declarations reflected the totality of the sanctions imposed against them as of the time of filing.

United States District Court
Northern District of California

account. Taken together, the record reflects not isolated error, but a systemic breakdown in professional responsibility warranting sanctions.

*Id.* After imposing a $10,000 sanction, the court queried whether it was adequate, stating: "the Court is uncertain that even a $10,000 sanction is sufficient to deter similar problems in the future." *Id*.

The Court asked each counsel to explain why they had been sanctioned numerous times in the last few years. Ms. Carvalho explained that concurrent with changes in the law, SLP, a Lemon Law firm, saw a steep uptick in cases in the last two years.[4] During the same period, many attorneys, perhaps upwards of thirty percent, left the firm. Defendant's counsel concurred that the industry has seen a substantial rise in the number of Lemon Law cases.

When asked how SLP is managing its growing case load, Ms. Carvalho was challenged to provide an answer. She estimated that SLP currently has approximately 10,000 cases and only two partners, herself, and Mr. Payam Shahian, the founder and managing partner. She also estimated that the firm has about 40 attorneys – a combination of associates and contract lawyers. Ms. Carvalho explained that she will be leaving SLP effective May 1, 2026. As a result, in a few days Mr. Shahian will be the single remaining partner managing these 10,000 cases. Given the current state of affairs at SLP, the only people who appear available to assist Mr. Shahian in litigating these cases are a rapidly shifting group of lawyers who seemingly have not been provided: guidance about the scope of their roles; clarity as to court deadlines; or oversight to ensure compliance with their ethical obligations to their clients, opposing counsel, and the courts in which they practice. It is improbable that Mr. Shahian and the other lawyers at SLP can adequately manage 10,000 cases while maintaining their professional and ethical obligations.

The Court has additional concerns about whether SLP has their clients' best interests in mind when advising about settlement or dismissal of their cases. In one of the recent examples of sanctions submitted by Ms. Carvalho, a judge in the Southern District of California found that:

> [T]he record in this matter could support a conclusion that [SLP

---

[4] The Court interprets this to mean that SLP elected to take on many more clients, regardless of whether it had the resources to adequately represent them.

attorneys] affirmatively misled their clients when they advised their clients that the Court would be dismissing their case. At no point was this case potentially subject to *sua sponte* dismissal by the Court, yet, according to plaintiffs' explanations at the December 19, 2024, hearing, counsel informed their clients that *sua sponte* dismissal was nonetheless likely, so the clients should voluntarily dismiss their case preemptively. This representation, if in fact made by counsel, was in direct conflict with their clients' stated goal of pursuing this litigation and seeking a resolution.

*Mason v. FCA USA, LLC*, No. 24-CV-1849-DMS-KSC, 2025 WL 662028, at *6 (S.D. Cal. Feb. 28, 2025). As the court in *Mason* expressed, it is likewise "unsettling" to this Court that SLP's actions "might be construed as a breach [of] an attorney's duty of undivided loyalty." *Id*.

Despite this information, it was evident at the April 22, 2026 hearing that the Court does not yet have a comprehensive sense of what, if anything, SLP it is doing to advance their clients' pending cases. The Court is also confident that it does not have a clear understanding of all past and recent sanctions imposed on SLP and its attorneys and what impact, if any, those sanctions have had in shifting the firm's behavior and increasing its adherence to ethical obligations. During the hearing, the Court understood that it was likely that the only person who can fully provide the Court with this information is Mr. Shahian. Not only can he report how many times, if at all, he has been personally sanctioned, but as the founder and managing partner who is ultimately responsible for every lawyer in his firm, Mr. Shahian can inform the Court how many times SLP and all of its lawyers have been sanctioned, and what steps he has taken to correct the behavior that served as the catalyst for those sanctions.

## II.    SANCTIONS

The following memorializes and supplements the Court's ruling at the conclusion of the April 22, 2026 hearing.

### A.    Defendant's Counsel

The Court finds that Defendant's counsel failed to meet Court obligations. The Court generally may issue "any just orders" to sanction parties or their attorneys for the failure to be prepared for a pretrial conference and failure to comply with Court orders. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the Court possesses inherent authority to impose sanctions to manage its own affairs to achieve the orderly

6

and expeditious disposition of cases).  The Court acknowledges that it is a plaintiff's burden to prosecute their own case.  But a defendant has an independent obligation to comply with court rules, rules of civil procedure, standing orders, as well as all other court orders; this includes complying with pretrial filing deadlines and requirements to meet and confer in advance of trial.  Accordingly, the Court imposes a sanction of $500 on RoseWaldorf LLP for its failure to meet and confer with Plaintiff's counsel to prepare pretrial materials, and its failure to file any of the required pretrial materials (e.g., jury instructions, verdict form, exhibits, motions in limine, witness list, etc.).  The sanction is payable to the Clerk of Court and must be paid by April 29, 2026.  The Court discharges the OSC as to Defendant, subject to RoseWaldorf timely paying the sanction.

### B.    Plaintiff's Counsel

As noted above, despite multiple declarations and two hearings, the Court still has an incomplete picture of the factors within SLP that have led to the current breakdown in the firm's ability to meet deadlines and comply with this Court's Orders.  The Court has a serious concern about the impact of SLP's failures on not only the Plaintiff in this case, but on all plaintiffs SLP currently represents – each of whom has entrusted SLP to zealously act as their legal representative.

SLP attorneys Carvalho, LaRocque, Tirmizi, and Chae have failed to comply with the rules of this District Court, the rules of Civil Procedure, this Court's Standing Order, and the Case Management Order in this case.  These failures affected the orderly and expeditious disposition of this case.  *Chambers*, 501 U.S. at 43; *see also* Fed. R. Civ. P. 1.  Such conduct warrants sanctions.

The Court imposes the following sanctions to be paid to the Clerk of the Court by April 29, 2026:

- A sanction of $500 on Mr. Chae.
- A sanction of $750 on Ms. LaRocque.
- A sanction of $1,500 on Ms. Tirmizi, a former SLP lawyer and counsel of record as of the pretrial deadlines.  Ms. Tirmizi must report this sanction to the State Bar of California within 14 days.  Plaintiff's counsel must serve this

United States District Court
Northern District of California

United States District Court
Northern District of California

Order on Ms. Tirmizi at her last known address and through all available means of contact.

- A sanction of $3,000 on Ms. Carvalho.  Ms. Carvalho must report this sanction to the State Bar of California within 14 days.

The Court maintains the OSC as to Plaintiff and Plaintiff's counsel.  SLP's founder and managing partner, **Mr. Shahian, is ORDERED to file a response to the Continued OSC by May 1, 2026.  Attorney Shahian must file a declaration, attesting under penalty of perjury, with the following information:**

1. Whether Mr. Shahian has ever been personally sanctioned by any court, regardless of whether the sanction was reportable to the State Bar of California, and if so, in chart format:
   - the date of sanction;
   - the court that issued the sanction;
   - the amount of the sanction; and
   - when the sanction was paid.

2. If the court imposed a sanction on Mr. Shahian other than a monetary sanction, including for example, issue preclusion or dismissal, then provide the date of the sanction, the issuing court, and a description of the sanction.

3. Any instance where a court found Mr. Shahian breached professional conduct obligations, irrespective of any sanction.

4. If Mr. Shahian has not personally been the subject of any sanction, he must specifically attest to that assertion.

5. A chart, in alphabetical order by name, that includes all instances of when a court sanctioned any attorney for conduct that occurred during the time that attorney worked for SLP, including all current and former attorneys (regardless of whether those attorneys were employees, contractors, or served in some other capacity), since the date SLP was founded.  For each attorney Mr. Shahian must provide all the same information set forth in items 1-3 above.  This list shall necessarily

include all the sanctions already included by the SLP attorneys in the declarations provided to the Court in response to the Continued OSC.  Mr. Shahian shall not incorporate those declarations by reference or rely solely on those declarations in preparing his declaration.  He shall conduct an independent and complete investigation to fully and in good faith comply with this Order and provide a single, comprehensive chart.

6.  All instances of when any court sanctioned SLP since the date the firm was founded.  For each instance, Mr. Shahian must provide all the same information set forth in items 1-3 above.

7.  If any sanction listed in Mr. Shahian's declaration (meaning a sanction against him personally, a sanction issued against anyone who worked at SLP, or a sanction against the firm itself) is greater than or equal to $1,000, he must provide the date the sanction was reported to the State Bar and the name of the person who reported it.  If any sanction that was greater than or equal to $1,000 was not reported to the State Bar, Mr. Shahian must explain why he did not report the sanction.

8.  A thorough explanation of what steps he has personally taken, and when he took those steps, to ensure that every lawyer in his firm complies with all rules (including the rules of professional responsibility, rules of court, and rules of procedure), laws, standing orders, case specific orders, and deadlines.

\* \* \*

The Court continues the OSC hearing as to Plaintiff and Plaintiff's counsel to May 6, 2026 at 1:30 p.m.  **Mr. Shahian is required to appear in person.**  No substitutions or video appearances are permitted.

Additionally, given this Order and recent orders by other courts, this Court has concerns about SLP and its lawyers dismissing cases when doing so may not be in the best interest of their clients (including clients who may no longer have a viable case if the statute of limitations has run).  Plaintiff's counsel is therefore ORDERED NOT TO DISMISS THIS CASE until further order of this Court.  Plaintiff's counsel is FURTHER ORDERED not to dismiss nor transfer to

9

United States District Court
Northern District of California

another firm any case in which an attorney from SLP was counsel of record as of the April 22, 2026 hearing, without (1) advance written approval from their client, (2) approval from the applicable court, and (3) after Mr. Shahian personally confirms that both the client (by email and U.S. mail) and the Court (by filing) have received this Order.[5]

To date, the Court has not received correct and complete versions of the parties' pretrial materials that were due on March 18, 2026, as required by this Court's Standing Order for Civil Jury Trials. The parties are ordered to file all outstanding pretrial materials by May 1, 2026. The Court will impose daily penalties if the parties fail to comply.

**IT IS SO ORDERED.**

Dated: April 28, 2026

Noël Wise
United States District Judge

---

[5] The only exception to this requirement is if a case has settled and SLP has filed a notice of settlement with the applicable court.

10