Larry Chae (SBN 268979)
lchae@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Dara Tabesh (SBN 230434)
dara.tabesh@ecotechlaw.com
ECOTECH LAW GROUP, P.C.
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC,<br><br>Defendant. | CASE NO.  5:24-cv-06274-NW<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME TO COMPLY WITH THE COURT'S REQUEST FOR ADDITIONAL INFORMATION AND TO CONTINUE THE ORDER TO SHOW CAUSE HEARING**<br><br>Judge: Hon. Noel Wise<br>Courtroom 3, 5th Floor<br>May 6, 2026<br>1:30 pm |

PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME AND TO
CONTINUE THE ORDER TO SHOW CAUSE HEARING

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION                                        2

II.   BACKGROUND                                          2

III.  DISCUSSION                                          3

IV.   CONCLUSION                                          5

PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME AND TO
CONTINUE THE ORDER TO SHOW CAUSE HEARING

## I.    INTRODUCTION

Plaintiff Santiago Talavera Castro respectfully submits this Ex Parte Application for Extension of Time pursuant to Federal Rule of Civil Procedure 6(b) and 6(c)(1)(C).  This application is made in good faith and in furtherance of Plaintiff's desire to properly comply with the Court's April 28, 2026 Order Imposing Sanctions and Continuing Order to Show Cause, Dkt. No. 66 (the "Order").  Plaintiff requests that the Court continue the deadline for the May 1, 2026 hearing and the associated hearing by thirty-days.

The Order directs Strategic Legal Practices, APC's ("SLP") founder and managing partner, Payam Shahian, to file a declaration under penalty of perjury providing, *inter alia*, a comprehensive accounting of every sanction imposed on any attorney who has ever worked for SLP in any capacity since the firm's founding in 2010.

As set forth below, personal and professional commitments, and the scope and detail of the information this Court has requested make compliance by the May 1 date highly impracticable, if not impossible.  Accordingly, it will take some time to locate and gather the available information the Court has requested.  In addition, Mr. Shahian's father was admitted for hospitalization on an emergency basis at Cedars-Sinai in the early morning of April 27, requiring Mr. Shahian to attend to family issues, as well, during the same period of time—all while preparing for the May 1 departure of Tionna Carvalho, SLP's sole other partner, and developing new workflow systems, among other efforts, to ensure that SLP does not miss additional deadlines that has prompted the Court's requests in the first place. Plaintiff therefore respectfully requests a thirty (30) day extension to respond.

## II.    BACKGROUND

On March 23, 2026, the Court entered an order to show cause as to why the parties did not timely comply with the Court's pre-trial deadlines.

2

Dkt. No. 28. The Court initially directed the parties to submit declarations listing each attorney who has ever made an appearance in the instant case, as well as *inter alia* information concerning each and every time that those attorneys have been sanctioned in federal or state court. *See* Dkt. No. 43.

The Court subsequently expanded the scope of its request. On April 28, 2026, it filed an order ("Order") directing the filing of a declaration from Mr. Shahian that provides the details of the full history in which SLP, Mr. Shahian, or any other attorney who has currently or previously worked for the firm—whether as employees, contractors, or in some other capacity—has been sanctioned, among other information. *See* Dkt. No. 66.

The Order gave Mr. Shahian only a few days to provide this information— eight (8), if counting the Court's reference to the request at the April 22 hearing that he did not attend, and three (3), if counting the April 28 order that sets forth the precise scope of the Court's request (including request for information for any attorneys who have worked for SLP *in any capacity*, whether as employees or not).[1]

## III.    DISCUSSION

Plaintiff has good cause for the requested extension under the applicable legal standard. Federal Rule of Civil Procedure 6 authorizes courts to extend deadlines on an ex parte basis for good cause. *See* Fed. R. Civ. P. 6(b) (allowing extensions for good cause), 6(c)(1)(C) (allowing a party to apply for ex parte relief where, as here, there are less than fourteen (14) days before the corresponding hearing). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and

---

[1] Further, the transcript of the April 22 hearing was not made available to Mr. Shahian until April 28, even though it was ordered for next-day delivery on April 23. (Shahian Dec., ¶ 5.)

3

PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME AND TO CONTINUE THE ORDER TO SHOW CAUSE HEARING

statutory context." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Accordingly, "requests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *See id.* (reversing denial of extension request).

Here, good cause exists to grant plaintiff's thirty (30) day extension application. For starters, it will take a substantial amount of time for SLP to find and compile to the the information the Court requests. *See Evans v. Taylor*, No. 21-cv-01383-YGR (PR), 2024 WL 5440291, at *1 (N.D. Cal. Jan. 22, 2024) (granting 90-day extension request for time necessary to finalize a deposition transcript and assess the significance of that deposition). SLP has represented consumers since 2010. (Shahian Dec., ¶ 7.) It has worked with hundreds of attorneys in those 16 years—certainly when counting contract attorneys. (*Id*.) Compiling a comprehensive list of every instance in which any SLP attorney has been sanctioned while at the firm with the details the Court requests will require a substantial amount of time. This is because in the ordinary course of its business, SLP does not maintain the comprehensive information that the Court requests for SLP's 16-year history in any readily available form. (*Id*..) Indeed, much of SLP's historical data is archived in different databases that track different information and that are no longer available and/or used on a day-to-day basis. (*Id.*)

The burden of delving into hundreds, if not thousands of trial-court dockets is substantial. Indeed, it is not presently clear to what extent SLP can comply with the Court's requests and, relatedly, whether SLP has a basis to seek relief from aspects of the Court's order. (Shahian Dec., ¶ 8.) It will require time to evaluate these questions and to provide with the Court as much information as reasonably

4

possible ahead of the show cause hearing.  (*Id.*)  The requested extension will give Mr. Shahian and SLP an opportunity to explore these issues and to comply with the order.

In addition, Mr. Shahian has other personal and professional commitments make complying with the May 1 deadline impracticable.  *See Warner v. Cate*, No. CIV S-09-1568 KJM EFB P, 2011 5508856, at *3 (E.D. Cal. Nov. 9, 2011 (citing defendant's other commitments as a reason to grant 90-day extension request); *Ika v. Delta Air Lines, Inc.*, No. 2:24-cv-02395-CDS-DJA, 2026 WL 854121, at *1 (D. Nev. Mar. 27, 2026) (granting extension of discovery deadlines "because of [defense] counsel's family emergency").  Mr. Shahian's father was admitted to Cedar-Sinai hospital in the early hours of April 27, 2026,  which will require Mr. Shahian to attend to family matters at the same time that he is gathering the information the Court has directed him to provide.  (Shahian Dec., ¶ 9.)

SLP is also presently seeking to streamline litigation across substantially similar cases so that common issues can be litigated just once, both as to cases in the federal system and in the state system.  (Shahian Dec., ¶ 10 & Exh. A.)  Indeed, Mr. Shahian and SLP are in the process of trying to streamline lemon-law litigation by avoiding straining judicial resources on multiple cases involving the same issues.  (*Id.*)  And so far, manufacturers, including FCA, have resisted those efforts.  (*Id.*)  These efforts have therefore required a substantial amount of Mr. Shahian's time, especially since SLP Is simultaneously seeking to develop new work flow systems and because Ms. Carvalho, SLP's sole other partner, is set to depart on May 1, 2026.  (*Id.*; *see also id.* ¶ 11.)

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a thirty (30) day extension of the May 1, 2026 deadline for Mr. Shahian to file his declaration in response to the Order.  Plaintiff further

5

requests that the Court continue the May 6, 2026 hearing on the Order to Show Cause to a date following the extended deadline that the Court deems appropriate.  This extension will allow SLP to conduct the thorough and independent investigation that the Court has directed and to properly respond to the Court's requirements.

Date: April 30, 2026

ECOTECH LAW GROUP, PC
   Dara Tabesh

By:  */s/ Dara Tabesh*

   Dara Tabesh
   Attorney for Plaintiff Santiago Talavera Castro

6

PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME AND TO CONTINUE THE ORDER TO SHOW CAUSE HEARING