Larry Chae, Bar No. 268979
lchae@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1888 Century Park East, 19th Floor
Los Angeles, California 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Dara Tabesh, Bar No. 230434
dara.tabesh@ecotechlaw.com
ECOTECH LAW GROUP, P.C.
5 Third Street, Suite 700
San Francisco, California 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| SANTIAGO TALAVERA CASTRO, <br><br> Plaintiff, <br><br> v. <br><br> FCA US, LLC, <br><br> Defendant. | Case No: 5:24-cv-06274-NW <br><br> **DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME TO COMPLY WITH THE COURT'S REQUEST FOR ADDITIONAL INFORMATION AND TO CONTINUE THE ORDER TO SHOW CAUSE HEARING** <br><br> Judge: Hon. Noel Wise <br> Courtroom 3, 5th Floor <br> May 6, 2026 <br> 1:30 pm |

1

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX
PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME

I, Payam Shahian, declare as follows:

1.    I am over the age of 18 years and not a party to the action.  I am the Founding and Managing Partner of Strategic Legal Practices, APC ("Strategic" or "SLP"), which is counsel of record for plaintiff Santiago Talavera Castro ("Plaintiff").  My knowledge of the information and events described herein is derived from my personal knowledge, a careful review of the file and relevant court records, and communication with other counsel for Plaintiff.  If called as a witness, I could and would testify competently thereto.

2.    I submit this declaration in support of "Plaintiff's Ex Parte Application Seeking Extension Of Time To Comply With The Court's Request For Additional Information And To Continue The Order To Show Cause."

3.    On March 23, 2026, the Court entered an order to show cause as to why the parties did not timely comply with the Court's pre-trial deadlines.  Dkt. No. 28.  The Court directed the parties to submit declarations that list each attorney who has ever made an appearance in the case and information concerning each and every time they have been sanctioned in federal or state court, among other information.  *See* Dkt. No. 43.

4.    On April 28, 2026, the Court issued an order ("Order") expanding the scope of the information it required me to provide—the Order requires a declaration from me, as SLP's Managing Partner, regarding the details of the full history in which SLP, or any attorney who has currently or previously has worked for the firm—whether as employees, contractors, or in some other capacity—has been sanctioned, among other information.  *See* Dkt. No. 66.

5.    The Order gave me only a few days for me to provide this information—eight (8) days if counting the Court's reference to the request at the April 22 hearing that I did not take part in, and three (3) if counting the April 28 order that sets forth the precise scope of the Court's request (including its request

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME

for information for any attorneys who has worked for SLP in any capacity, whether as employees or not). I also note that the transcript of the hearing was not available until around the same date and time the Court's order was made available, April 28, even though Plaintiff's counsel had ordered it for next-day delivery on April 23, 2026. *See* Dkt. No. 64.

6. I believe good cause exists to extend the May 1, 2026 deadline and the May 6, 2026 hearing date.

7. SLP has represented consumers since 2010. It has worked with hundreds of attorneys in those 16 years—certainly when counting contract attorneys and others who were never formally employees of the firm. Compiling a comprehensive list of every instance in which any SLP attorney has been sanctioned during their time at the firm with the details the Court requests will require a substantial amount of time. For starters, SLP does not maintain the comprehensive information that the Court requests for SLP's 16-year history in any readily available form. Indeed, much of SLP's historical data is archived in different databases that track different information and that are no longer available or not used on a day-to-day basis.

8. Thus, it is not presently clear to what extent full compliance is reasonably practicable and, relatedly, whether SLP has a basis to seek relief from some aspects of the Court's order. It will require time to evaluate these questions and to ensure that Plaintiff provides with the Court as much information as reasonably possible ahead of the show cause hearing. The requested extension will give me and my firm an opportunity to explore these issues and to comply with the order.

9. My other personal and professional commitments make complying with the May 1 deadline impracticable, too. My father was admitted to Cedar-Sinai Hospital on the early morning hours of April 27, 2026, which will require me

3
DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME

to attend to family matters in the same period of time during which I am endeavoring to gather the information this Court has ordered me to provide.

10.    SLP is also presently seeking to relate and/or coordinate several different proceedings so that common issues can be litigated once, both as to cases in the federal system and in the state system, among other efforts to make litigation of these cases more efficient for all involved.  Indeed, SLP is in the process of trying to streamline lemon-law litigation by avoiding straining judicial resources on multiple cases involving the same issues.  And so far, manufacturers, including FCA and Ford, have resisted those efforts.  These efforts have therefore required a substantial amount of my time.  A true and correct copy of Notices for motions and/or proposals SLP has filed in pursuit of these efforts is attached as Exhibit A (Part 1: Notice of Administrative Motion to Relate Cases in *Avila v. Ford Motor Co.*, Case No. 5:22-cv-00542-PCP (N.D. Cal.); Part 2: Notice of Administrative Motion to Relate Cases in *Marx v. FCA US, LLC*, Case No. 5:24-cv-06870-BLF (N.D. Cal.); and Part 3: brief filed in support of proposal re relating discovery efforts in Honda/Acura lemon law cases filed by Strategic Legal Practices, APC, in the Superior Court of California, Long Beach Division (Related Case: *Castrejon v. American Honda Motor Co*., Case No . Case No. 25LBCV00825)).

11.    This is especially true as SLP Is simultaneously seeking to develop new workflow systems to better manage its cases, and because Ms. Carvalho, SLP's sole other partner, is set to depart on May 1, 2026, and I am occupied preparing for her departure as well.

12.    For these reasons, there is good cause for the requested thirty-day extension to the May 1 deadline to provide my declaration and a continuance of the show cause hearing in which I am directed to personally attend.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME

Executed on April 30, 2026 in Los Angeles, California.

/s/Payam Shahian

Payam Shahian

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR 30-DAY EXTENSION OF TIME