Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
STRATEGIC LEGAL PRACTICES
1888 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone:   (310) 929-4900
Facsimile:   (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dará.tabesh@ecotechlaw.com
ECOTECH LAW GROUP, P.C.
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

Glen F. Olives (SBN 196854)
Michael J. Mehall (SBN 185959)
Email golives@rosewaldorf.com
Email: mmehall@rosewaldorf.com
ROSEWALDORF LLP
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:   (518) 869-9200
Facsimile:   (518) 869-3334

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No.: : 5:24-CV-06274-NW<br><br>*Judge: Hon. Noël Wise*<br><br>**JOINT MOTIONS IN LIMINE** |

JOINT MOTIONS IN LIMINE DOCUMENT

# TABLE OF CONTENTS

| Document | Page |
|---|---|
| 1. Plaintiff's MIL No. 1 | 3 |
| 1a. Defendant's Notice of Stipulation to Plaintiff's MIL 1. | 8 |
| 2. Defendant's MIL No. 1 | 9 |
| 2a. Plaintiff's Opp. to Defendants MIL No. 1 | 15 |
| 3. Defendant's MIL No. 2 | 22 |
| 3a. Plaintiff's Opp. to Defendants MIL No. 2 | 26 |
| 4. Defendant's MIL No. 3 | 31 |
| 4a. Plaintiff's Opp. to Defendants MIL No. 3 | 38 |

JOINT MOTIONS IN LIMINE DOCUMENT

Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
**Strategic Legal Practices**
1888 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone:   (310) 929-4900
Facsimile:   (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dará.tabesh@ecotechlaw.com
ECOTECH LAW GROUP, P.C.
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO | Case No.: : 5:24-CV-06274-NW<br>Judge: Hon. Noel Wise |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE, CONCERNING ARBITRATION AS AN ALTERNATIVE; DECLARATION OF LARRY CHAE** |
| FCA US LLC; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I.     INTRODUCTION

By way of the instant motion in limine, Plaintiff SANTIAGO TALAVERA CASTRO ("Plaintiff") seeks an order excluding any evidence (whether by way of document or testimony), discussion, or arguments concerning the availability of arbitration as an alternative to the instant litigation.  Such evidence is irrelevant and would create unnecessary consumption of time (i.e., having to explain why Plaintiff did not resort to such processes), confusion of the issues (i.e., holding Plaintiff responsible for filing the instant lawsuit and forcing the jury into jury service instead of resorting to arbitration), and would cause undue prejudice (including forcing Plaintiff to potentially

disclose privileged communications concerning the difference between arbitration or litigation).

## II.    ANTICIPATED EVIDENCE

It is anticipated that Defendant FCA US LLC would seek to introduce evidence that it participates in an arbitration program—through the California Department of Consumer Affairs' Certified Arbitration Programs—that would be an alternative to the instant litigation.

## III.    THE EVIDENCE IS INADMISSIBLE

Evidence is relevant only if it has any tendency to make a fact more or less probably and that fact is of consequence in determining the action. Fed. R. Evid., Rule 401.  Evidence that is irrelevant is inadmissible. Fed. R. Evid., Rule 402.

Under the construct of the Song-Beverly, evidence of such alternative dispute resolution programs are only relevant as a defense to "non-willful" civil penalties under California Civil Code §1794(e).  However, Plaintiff does not seek civil penalties under such provision—Plaintiff seeks civil penalties under California Civil Code §1794(c), which requires a showing of willfulness. *See*, *Suman v. BMW of N. Am., Inc.* (1994) 23 Cal.App.4th 1 (acknowledging the two *different* means of obtaining civil penalty damages).

The Act does not "require consumers to take any affirmative steps to secure relief for the failure of a manufacturer to service or repair a vehicle to conform to applicable warranties-other than, of course, permitting the manufacturer a reasonable opportunity to repair the vehicle." *Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 302-303. The "Act creates an affirmative duty upon the manufacturer…to provide restitution or replacement when a…nonconformity is not repaired after a reasonable number of attempts." *Krotin*, *supra*, at 301-302. *See also, Lukather v. General Motors LLC* (2010) 181 Cal.App.4th 1041, 1049.

"If the jury chooses to impose a penalty, the amount may be up to two times the amount of damages . . . . There is no definite or required method of determining a

penalty nor is the opinion of a witness required as to the amount of a penalty." *Suman v. Superior Court* (1995) 39 Cal.App.4th 1309, 1323.

Hence, the focus at trial will be whether Defendant had "good faith and reasonable belief" in its denial of Plaintiff's reimbursement request, and **NOT** whether Defendant was reasonable in providing alternate avenues of resolution, such as an arbitration program. As such, any arbitration evidence would be irrelevant to the case at bar and should be excluded.

Moreover, even if there is a modicum of relevance of this evidence, the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay substantially outweigh such relevance. Fed. R. Evid., Rule 403.  Simply put, whether a consumer elects to file with the Court or an arbitration forum is irrelevant to questions of liability here and may also implicate (and force disclosure of) privileged communications.

Admission of evidence a proposed arbitration would completely mislead the jury as to what action Defendant is obligated to take under the Act. As stated, Defendant has an affirmative duty under the Act to promptly replace the Subject Vehicle, or make restitution, when it is unable to conform the vehicle to warranty. Defendant cannot now avoid its duty by simply proposing that Plaintiff agree to arbitration. By seeking to inform the jury that it offered, and Plaintiff subsequently declined, arbitration, Defendant undoubtedly hopes to influence the jury by "muddying the waters" of what it was legally obligated to do. The jury would likely be improperly misled into thinking that Defendant is not only required to offer arbitration, but that arbitration is one avenue a manufacturer may take in an effort to comply with its legal obligations and avoid liability at trial. The jury must not be misled into believing such notions are correct.

By allowing Defendant to introduce evidence, argument, or reference to the Arbitration Programs, the jury may also receive the impression that Plaintiff could or should have exercised Plaintiff's right to proceed to arbitration rather than a jury trial. Defendant also frequently attempts to argue that arbitration is a more superior, expeditious process to a civil jury trial. However, the efficiency of alternative dispute

JOINT MOTIONS IN LIMINE DOCUMENT

resolution is not a matter to be considered by the jury. Obviously, a civil jury trial is a fundamental right guaranteed under both the United States and California Constitutions. Plaintiff should not be prejudiced, maligned, or besmirched for choosing to exercise those rights.

Introducing evidence or argument about arbitration unnecessarily confuses the issues, prejudices the Plaintiff, and has the potential to mislead the jury. There is no obligation for a consumer to go through nonbinding arbitration. Were this to become an issue at trial, it would confuse the burden. It would necessitate considerable time to go through the details of Defendant's program's compliance with subdivision (1) through (9) of Civil Code § 1793.22(d) and the requirements of 16 C.F.R. §§ 7031.1, 703.2, 703.3, 703.4, 703.5, 703.6, 703.7 and 703.8. A program would need to be shown to provide any and all remedies permitted by statute. By extension, the program could not allow any offset but that permitted by Cal. Civ. Code 1793.2(d)(2)(C). *See*, *Jiagbogu v. Mercedes-Benz USA* (2004) 118 Cal.App.4th 1235, 1243-1244. The issues would, frankly, result in a time sink where Plaintiffs are not seeking a remedy under Cal. Civ. Code 1794(e). Therefore, all references to the Arbitration Programs should be excluded at trial

## IV.  CONCLUSION

Plaintiff's motion *in limine* should be granted.

DATED: April 30, 2026          **STRATEGIC LEGAL PRACTICES, APC**

By:        */s/ Larry Chae*

Larry Chae

Attorneys for Plaintiff

SANTIAGO TALAVERA CASTRO

# **DECLARATION OF LARRY CHAE**

I, Larry Chae, declare as follows:

1.      I am an attorney admitted to the Bar of the State of California and the United States District Court, Central District of California. I am an attorney with STRATEGIC LEGAL PRACTICES APC ("SLP") and counsel of record for Plaintiffs SANTIAGO TALAVERA CASTRO ("Plaintiffs") in the above-captioned matter. My knowledge of the information and events described herein derives from my personal knowledge, a careful review of the file, and relevant court records. If called as a witness, I could and would competently testify thereto.

2.      In advance of filing this motion, I sought to discuss with Defendant's counsel on whether Defendant anticipated introducing evidence of an arbitration process as an alternative to litigation.  Defendant noted it would not oppose the motion.

I declare under penalty of perjury under the law of the United States and of the State of California that the foregoing is true and correct.

Executed on April 30, 2026, in Los Angeles, California.


___/s/ Larry Chae_____

Larry Chae

JOINT MOTIONS IN LIMINE DOCUMENT

Glen F. Olives (SBN 196854)
Michael J. Mehall (SBN 185959)
Email golives@rosewaldorf.com
Email: mmehall@rosewaldorf.com
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:   (518) 869-9200
Facsimile:   (518) 869-3334

Attorneys for Defendant FCA US LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO<br><br>    Plaintiff,<br><br>    vs.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: : 5:24-CV-06274-NW<br>Judge: Hon. Noel Wise<br><br>**DEFENDANT FCA US LLC'S NOTICE OF STIPULTATION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT DEFENDANT PROPOSED ARBITRATION AS A RESOLUTION TO THIS MATTER** |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT,** Defendant FCA US LLC ("FCA US") does not oppose and will stipulate to Plaintiff's Motion In Limine No. 1 to Exclude Evidence, Testimony Or Argument That Defendant Proposed Arbitration As A Resolution To This Matter.

Glen F. Olives (SBN 196854)
Michael J. Mehall (SBN 185959)
Email golives@rosewaldorf.com
Email: mmehall@rosewaldorf.com
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334

Attorneys for Defendant FCA US LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-6274<br><br>(Removed from Santa Clara County Superior Court, Case No. 24CV444326)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF UNRECOVERABLE DAMAGES; MEMORANDUM OF AUTHORITIES**<br><br>[Motion in Limine No. 1 of 3] |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT,** Defendant FCA US LLC ("FCA US") will move this court for an order, *in limine*, for an order before trial and selection of a jury:

1.    Excluding evidence, testimony, discussion, or questions pertaining to, allude to, or put before the jury panel in any form or manner whatsoever, directly or indirectly, evidence of unrecoverable damages.

2.    Precluding Plaintiff, their attorney, or any other witnesses from referring to the fact that this motion has been made and granted, and to warn each of the parties, their witnesses, and counsel to follow these instructions.

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Michael J. Mehall, the records and pleadings on file in this matter, the documents of which this court may properly take judicial notice, and upon such other oral and/or documentary evidence or argument as may be presented at the time of hearing of this motion.

Dated:  May 1, 2026

**ROSEWALDORF LLP**

By: */s/Michael J. Mehall*
Michael J. Mehall
Attorney for Defendant
FCA US LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL BACKGROUND

Defendant anticipates that Plaintiff may attempt to introduce or testimony at trial evidence of damages that he is not entitled to recover.  For the reasons set forth below, this Court should grant this motion and preclude any such evidence at trial.

### II.    ALL EVIDENCE OF UNRECOVERABLE DAMAGES SHOULD BE EXCLUDED

#### A.    Registration Renewal Fees, Insurance Premiums, Loss of Use, Routine Maintenance, Non-Manufacturer Installed Options, and Unrelated Post-Warranty Repairs Are Not Recoverable Damages

In cases alleging breach of an express warranty, Civil Code section 1793.2 of the Song-Beverly Act contains a comprehensive list of the damages to which a buyer seeking restitution is entitled:

In the case of restitution, the manufacturer shall make restitution in an amount equal to the **actual price paid or payable** by the buyer, **including any charges** for

transportation and manufacturer-installed options, but excluding non-manufacturer items installed by a dealer or the buyer, and **including any collateral charges** such as sales or use tax, license fees, registration fees, and other official fees, **plus incidental damages** to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer. (Civ. Code, § 1793.2, subd. (d)(2)(B), emphases added.).

Section 1794, referred to in the above statute, provides that a buyer may assert a right to damages under Commercial Code sections 2714 and 2715. However, only Commercial Code section 2715 addresses incidental damages. It provides:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach. (Com. Code, § 2715, subd. (1), emphases added.)

The provisions of the Song-Beverly Act that limit a buyer to damages that are the direct and foreseeable result of the seller's breach of warranty comports with well-established law under the Uniform Commercial Code. Only costs incurred as a result of the vehicle being defective are recoverable incidental damages. *Kirzhner v. Mercedes-Benz* (2020) 9 Ca. 5th 966.

Expenses "will not ordinarily be considered as an item of incidental or consequential damage to a breach of warranty when the buyer would have incurred the claimed expense even if the product or goods had been as warranted." (*Delhomme Industries, Inc. v. Houston Beechcraft, Inc.* (5th Cir. 1984) 735 F.2d 177, 186 [holding that insurance and finance payments made for aircraft were incident to desire to own, maintain, and use aircraft—and not incident to any breach of warranty—and thus were not recoverable under Uniform Commercial Code]; *see Barnard v. Compugraphic Corp.* (Ct. App. Wash. 1983) 667 P.2d 117, 420 [interest not recoverable where it would have been incurred whether or not the machine conformed to the warranties]; *Nassau Suffolk White Trucks, Inc. v. Twin County Transit Mix Corp.* (Sup. Ct. N.Y. 1978) 62 A.D.2d 982, 984 [where down time of trucks being serviced for repair was a result of "normal wear and tear," loss of profits from down time not recoverable]).

The case of *Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, is instructive. In discussing the "reason to know" language of the Commercial Code section 2715(2)(a), the Court of Appeal found that the supplier was liable for consequential damages because it was reasonably foreseeable that defective oil seals would be a substantial factor in damaging gear reducer shafts (which included seals). (*Id*. at 955-956.) Therefore, the supplier was liable for consequential damages, i.e., the cost to repair gear reducer shafts. Thus, the incidental and consequential damages were recoverable because they were a foreseeable consequence **of the breach of the warranty**.

In contrast, annual registration fees, insurance premiums, maintenance costs, and judgment interest are not a foreseeable consequence of the breach, and thus, should not be recoverable. Plaintiff did not pay any annual registration, insurance premiums, maintenance costs, **as a result of the breach of warranty**. Rather these represent costs incidental and consequential to the normal ownership and maintenance of *any* vehicle.

Regarding any registration fees, Civil Code section 1793.2 provides that a buyer may recover registration costs that were part of the "actual price paid or payable"—the "charges" and "collateral charges" at the time of purchase." (Civ. Code, § 1793.2, subd. (d)(2)(B); *see Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 813 [the refund remedy concerning new motor vehicles concerns the existence of "significant expenses *at the time of such purchases* that are over-and-above the actual purchase price, such as license fees, registration fees, sales taxes" (emphasis added).

Any payment of DMV registration renewal fees and insurance premiums were made to comply with legal requirements that such fees be paid to drive the vehicle, and were thus incidental to plaintiff's continued use of the vehicle, not incidental to or the result of any breach of warranty. They were fees, in other words, that plaintiff "would have incurred . . . even if the product or goods had been as warranted." (*Delhomme, supra*, 735 F.2d at p. 186). The California Supreme Court recently held that registration renewal fees are not recoverable as a collateral charge under the statute. *Kirzhner v. Mercedes-Benz* (2020) 9

JOINT MOTIONS IN LIMINE DOCUMENT

Cal. 5th 966. While the Court noted that a registration charge may be recoverable in certain circumstances as incidental damages where a manufacturer refuses to repurchase or replace a vehicle, such circumstances do not exist here given that FCA US never refused to repurchase the vehicle from Plaintiff as no demand was made prior to the action being filed.

**III.    PLAINTIFF HAS ALLEGED NO OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES AND PROVIDED NO PROOF OF ANY SUCH DAMAGES DURING DISCOVERY.**

While Plaintiff alleged a variety of incidental and consequential damages, Plaintiff provided no proof of any such damages during discovery.  Indeed, Defendant requested that Plaintiff produce evidence of such incidental and consequential damages and itemize such damages and Plaintiff refused (*see* Declaration of Michael J. Mehall ["Mehall Dec."] ¶ 3).  Plaintiff should not be allowed to introduce evidence of, or refer to, any incidental and consequential damages that have not previously been disclosed to Defendant. Allowing evidence or reference to damages not previously disclosed would be unfair surprise to Defendant, especially in light of the fact that Defendant previously propounded written discovery requesting itemized and detailed information and documents regarding alleged incidental and consequential damages.

**IV.    EVIDENCE OF UNRECOVERABLE DAMAGES IS UNDULY PREJUDICIAL**

Even if this evidence had some marginal relevance, which it does not, the Court should still exclude it. Under FRCP 403, a court has the discretion to exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence Code section 352 provides the Court with discretion to exclude evidence when its probative value is substantially outweighed by the probability its admission will unduly consume time, create substantial danger of undue prejudice, confuse the issues, or

mislead the jury. The jury could be confused by reference or evidence to non-recoverable costs, and thus, could mistakenly award certain damages to Plaintiffs that they are not entitled to under the Song-Beverly Act.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court exclude non recoverable damages at trial and prevent Plaintiff and his attorneys from introducing any reference or evidence of incidental or consequential damages to which Plaintiff is not allowed to recover and from presenting any inferences which may be drawn from such unrecoverable damages.

Dated: May 1, 2026                                        **ROSEWALDORF LLP**


By: */s/ Michael J. Mehall*_____
        Michael J. Mehall
        Attorney for Defendant FCA US LLC

Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
emailservices@slpattorney.com
**Strategic Legal Practices**
**A Professional Corporation**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff
SANTIAGO TALAVERA CASTRO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO, Plaintiff, vs. FCA US LLC, Defendant. | Case No.: : 5:24-CV-06274-NW Judge: Hon. Noel Wise **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF NON-RECOVERABLE DAMAGES** |

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Defendant/warrantor FCA US LLC ("FCA" or "Defendant") moves the Court to ignore black letter statutory authority addressing recoverable incidental and consequential damages. Glaringly, Defendant fails to address the seminal California Supreme Court case on point: *Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal. 5th 966, 971. Plaintiff has a right to recover incidental damages, in an amount for a jury to determine.  Thus, FCA's Motion should be denied.

### II.    LEGAL ANALYSIS

#### A.    Amounts Paid or Payable Under Section 1793.2(d)(2)

Section 1793.2(d)(2) imposes a duty on Defendant to promptly replace or make restitution for a vehicle that it fails to conform to applicable express warranties within a reasonable number of attempts. (Civ. Code § 1793.2(d)(2)).[1]

This is an affirmative duty that arises at the time of failure to conform within a reasonable number of attempts; it does not depend on a request from the consumer. (*Santana v. FCA US, LLC* (2020) 56 Cal. App. 5th 334, 347-48, "A manufacturer's duty to repurchase a vehicle **does not depend on a consumer's request**, but instead arises **as soon as** the manufacturer fails to comply with the warranty within a reasonable time." (emphasis added); *Krotin v. Porsche Cars N. Am., Inc.* (1995) 38 Cal. App. 4th 294, 302, "the Act creates an affirmative duty upon the manufacturer or its representative to provide restitution or replacement"; *Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal. 5th 966, 971, "manufacturer's affirmative obligation to "promptly" repurchase or replace a defective vehicle it is unable to repair.").

> In the case of restitution:
> [T]he manufacturer shall make restitution in an amount equal to the **actual price paid or payable** by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer.

(Civ. Code § 1793.2(d)(2)(B)).

The Song Beverly Act "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." (See *Kwan v. Mercedes-Benz of N. Am., Inc.* (1994) 23 Cal. App. 4th 174, 184; See also *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 801).

---

[1] "If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B). However, the buyer shall be free to elect restitution in lieu of replacement, and in no event shall the buyer be required by the manufacturer to accept a replacement vehicle."  (Civ. Code § 1793.2(d)(2)).

Due to its remedial nature, Courts avoid reading in exclusions not expressly set out in the statute. (See *Mitchell v. Blue Bird Body Co.* (2000) 80 Cal. App. 4th 32, 36.". Section 1790.4 declares "the remedies provided by this chapter [the Song–Beverly Consumer Warranty Act] are cumulative and shall not be construed as restricting any remedy that is otherwise available....").

For example, it is well settled that such amounts as finance charges (e.g. interest and other fees) are owed even where not explicitly listed in the statute. (*Mitchell v. Blue Bird Body Co.* (2000) 80 Cal. App. 4th 32, 37, 95, "A more reasonable construction is that the Legislature intended to allow a buyer to recover the entire amount actually expended for a new motor vehicle, including paid finance charges, less any of the expenses **expressly excluded** by the statute." (emphasis added.).

Civil Code section 1793.2(d)(2)(C) separately provides for the only applicable offset for use of the Vehicle based on the first visit for a nonconformity. The statute sets out a calculation using the first visit mileage as a numerator, such that higher mileage offsets result in larger offsets and consequently less actual damages.

**B.    Incidental Damages**

The measure of restitution owed for a claim pursuant to Civil Code section 1793.2(d)(2) includes, among other things, "any incidental damages" resulting from the manufacturer/warrantor's breach:

> In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales tax, license fees, registration fees, and other official fees, **plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer**.

(Civ. Code § 1793.2(d)(2)(B) (emphasis added)).

The expenses listed are *exemplary* and explicitly *non-exhaustive* (*i.e.*, "including, but not limited to…."). Given the SBA's remedial nature, the absence of a listed expense

does not control whether it is recoverable. (*Mitchell v. Blue Bird Body Co.* (2000) 80 Cal. App. 4th 32, 36).[2]

Addressing whether registration renewal and nonoperation fees are recoverable as incidental damages, the California Supreme Court held as follows:

> In examining these interrelated questions, we conclude that registration renewal and nonoperation **fees paid after the manufacturer's duty to promptly provide a replacement vehicle or restitution arises are expenses incurred in the "care and custody" of a defective vehicle**. We further conclude that such fees "result from[ ]" and are incurred "incident to" the manufacturer's breach of its duty to promptly provide restitution or a replacement vehicle **because the buyer would not have incurred the fees but for the manufacturer's delay**.

(*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal. 5th 966, 979 (emphasis added) (internal citations omitted)).

The court thus held that registration renewal and nonoperation fees recoverable as incidental damages even where not explicitly listed in section 1793.2(d)(2)(B). (See *Id*. at 981).

The Court observed that section 1793.2 provides for restitution and for incidental damages pursuant to section 1794; in turn, section 1794 incorporates, *inter alia*, either Uniform Commercial Code sections 2711 or 2715—depending upon whether the buyer had rightfully rejected or revoked acceptance of goods (section 2711) or rejected the goods (section 2715)[3]—*each* of which provides for incidental damages incurred in the care and custody of a vehicle, for, among other things, expenses incurred the care and custody of a vehicle incident to a seller's breach. (See *Id.*).

[2] "Defendant notes section 1793.2(d)(2)(B) does not expressly list finance charges as an item of recovery. But the mere absence of a reference to this expense is not, by itself, controlling. Section 1790.4 declares '[t]he remedies provided by this chapter [*i.e.*, the SBA] are cumulative and shall not be construed as restricting any remedy that is otherwise available ....' Cases also recognize the act is remedial legislation intended to protect consumers and should be interpreted to implement its beneficial provisions." (*Mitchell*, 80 Cal. App. 4th at 36 citing *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 990; *Jensen v. BMW of N. America, LLC* (1995) 35 Cal. App. 4th 112, 126; *Kwan v. Mercedes-Benz of N. Am., Inc.* (1994) 23 Cal. App. 4th 174, 184).

[3] "Courts have also determined that the same types of expenses are recoverable as incidental damages under either Uniform Commercial Code section 2-715 or Uniform Commercial Code section 2-711. We therefore need not resolve whether Kirzhner accepted or revoked acceptance of his vehicle —or whether California Uniform Commercial Code section 2715 or 2711 applies—in order to evaluate whether he is entitled to recover his registration renewal and nonoperation fees as incidental damages." (*Kirzhner*, 9 Cal. 5th at 978-979 citing *Lanners v. Whitney* (1967) 247 Or. 223, 236; *Warren v. Guttanit, Inc.* (1984) 69 N.C. App. 103, 114).

Discussing the relationship to section 1793.2(d)(2), the Court explained that the onset of the defendant's duty to offer restitution changes the plaintiff's relationship to a nonconforming car, "since the manufacturer can (and should) replace or repurchase it at any moment." (*Id.*). Costs incurred after this time are recoverable because they are paid in anticipation of the manufacturer's fulfilling its duty, whether willingly or unwillingly. (*Id.* at 980-81). Thus, these costs are recoverable as incidental damages. (See *Id.* at 981).

The Court in *Crayton v. FCA US, LLC*, for example found insurance premiums recoverable as incidental damages where incurred in the care and custody of a lemon after a manufacturer's duty to offer restitution arises. (*Crayton v. FCA US, LLC* (2021) 63 Cal. App. 5th 194, 208-209).

If FCA's position were correct, it would read out of the Act its incidental damages provision. Instead, incidental damages are recoverable and broadly defined to account for differing circumstances. (*Id.*). Plaintiff is not whole unless they recover costs subsequent to Defendant's failure to follow the law. To do otherwise rewards Defendant for its delay.

### C.    Prejudgment Interest

"Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." (Civ. Code § 3287(a)). The legal rate of prejudgment interest on claims arising from the breach of a written agreement is ten percent (10%). Civ. Code § 3289(b).

Because the damages that are recoverable in this case can be computed, the damages are clearly "capable of being made certain by calculation" under section 3287. In fact, the amount of damages is so easily computed that the Legislature has mandated that another manufacturer, FCA voluntarily offer that measure of damages to a plaintiff without requiring plaintiff to make any kind of demand. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 300-303).

Here, the amount due to Plaintiff can be determined by referring to the purchase agreement, DMV registration receipts, and out-of-pocket repair costs.

In *Leaf v. Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 375, a Court of Appeal concluded that prejudgment interest is available on an automobile rescission claim, even when the jury is required to make an offset for use and even when the jury awards incidental and consequential damages. The Court of Appeal explained:

> Under [s]ection 3287, prejudgment interest is allowable where the amount due plaintiff is fixed by the terms of a contract, or is readily ascertainable by reference to well-established market values . . . .
>
> The sum paid by Plaintiff pursuant to the contract was fixed by its terms. Therefore, this element of damage was certain. Regarding consequential damages, the evidence showed, without contradiction, that Plaintiff paid $67.50 for towing charges and $160.00 for rental of a substitute vehicle. Thus, the amounts actually expended for these items were certain; defendant did not contest their reasonableness. The amount of the offset allowed to defendant was determined on the basis of conflicting evidence. However, that fact did not preclude allowance of prejudgment interest, for where the amount of a claim is certain, but is reduced by reason of an unliquidated setoff, interest properly is allowed on the balance found to be due from the time it became due. Since the requirement of Civ. Code § 3287 regarding certainty of damages was met, Plaintiff were entitled, as a matter of right, to recover prejudgment interest on the sum awarded from the time such sum became due.

(*Id.* at 376-77 (citations omitted)).

Furthermore, the prejudgment interest authorized by this section should be awarded both on the principal balance paid by Plaintiff and any loan interest (i.e. lender charges) charged by the lender. Even "in pre-lemon-law rescission action[s], motor vehicle purchasers were entitled to recover prejudgment interest on monthly payments which included both principal and finance charge." (*Mitchell v. Blue Bird Body Co.* (2000) 80 Cal.App.4th 32, 36).

Even more published decisions have also concluded that the presence of an unliquidated offset, including an offset for use of an automobile, will not preclude an award of prejudgment interest. (*Leaf v. Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 375, "The amount of the offset allowed to defendant was determined on the basis of conflicting evidence. However, that fact did not preclude allowance of prejudgment interest, for where the amount of a claim is certain, but is reduced by reason of an unliquidated setoff, interest properly is allowed on the balance found to be due from the time it became due."; *Hansen v. Covell* (1933) 218 Cal. 622, 629, "[W]here the amount of a claim under a

contract is certain and liquidated, or is ascertainable but is reduced by reason of the existence of an unliquidated setoff . . . , interest is properly allowed on the balance found to be due from the time it became due …"; *Worthington Corp. v. El Chicote Ranch Properties, Ltd.* (1967) 255 Cal.App.2d 316, 322, "[T]he rule is also clear that where the amount of the demand in itself is sufficiently certain, the fact that there is an unliquidated setoff or counterclaim will not prevent an award of interest on the claim due to plaintiff."; *Muller v. Barnes* (1956) 139 Cal.App.2d 847, 850, "[T]he general rule is ... that 'where the amount of a claim under a contract is certain and liquidated, or is ascertainable but is reduced by reason of the existence of an unliquidated setoff or counterclaim thereto, interest is properly allowed on the balance found to be due from the time it became due ...'"; *Lacy Mfg. Co. v. Gold Crown Mining Co.* (1942) 52 Cal.App.2d 568, 579, "Where the amount of a claim under a contract is certain and liquidated, or is ascertainable or is reduced by reason of the existence of an unliquidated set-off or counterclaim thereto, interest must be allowed on the balance found to be due from the time it became due.").

**III.  CONCLUSION**

For all of the foregoing reasons, FCA's Motion *in Limine* No. 1 should be denied.

Dated: May 1, 2026                    STRATEGIC LEGAL PRACTICES, APC


By:_____/s/ Larry Chae_____
        Larry Chae
        Attorneys for Plaintiff

Glen F. Olives (SBN 196854)
Michael J. Mehall (SBN 185959)
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email: golives@rosewaldorf.com
        mmehall@rosewaldorf.com
        calimail@rosewaldorf.com

Attorneys for Defendant FCA US LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-6274<br><br>(Removed from Santa Clara County Superior Court, Case No. 24CV444326)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING DEFECTS NOT IDENTIFIED BY PLAINTIFF DURING DISCOVERY; MEMORANDUM OF AUTHORITIES**<br><br>[Motion in Limine No. 2 of 3] |

   **TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

   **PLEASE TAKE NOTICE THAT,** Defendant FCA US LLC ("FCA US") will move this court for an order, *in limine*, for an order before trial and selection of a jury:

   1.    Excluding evidence, testimony, discussion, or questions pertaining to, allude to, or put before the jury panel in any form or manner whatsoever, directly or indirectly,

evidence or testimony regarding alleged defects not identified by Plaintiff during discovery.

2.      Precluding Plaintiff, their attorney, or any other witnesses from referring to the fact that this motion has been made and granted, and to warn each of the parties, their witnesses, and counsel to follow these instructions.

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Michael J. Mehall, the records and pleadings on file in this matter, the documents of which this court may properly take judicial notice, and upon such other oral and/or documentary evidence or argument as may be presented at the time of hearing of this motion.

Dated: May 1, 2026                                    **ROSEWALDORF LLP**


By: */s/Michael J. Mehall*
Michael J. Mehall
Attorney for Defendant
FCA US LLC


## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION AND FACTUAL BACKGROUND

Defendant anticipates that Plaintiff may attempt to introduce or testimony at trial evidence of alleged defects not identified during discovery.  For the reasons set forth below, this Court should grant this motion and preclude any such evidence at trial.

## II.     ALL EVIDENCE AND TESTIMONY REGARDING ALLEGED DEFECTS NOT IDENTIFIED DURING DISCOVERY SHOULD BE EXCLUDED

Plaintiff's operative Complaint is a model of ambiguity.  (ECF 1-1) Although it spans more than fifty paragraphs—many of which inexplicably cite case law and unrelated class actions—the allegations concerning the purported defects consist of a single, vague, run-on sentence. Plaintiff generically references categories such as "engine defects," "transmission defects," and "electrical defects," but never identifies any actual, specific

defect in the subject vehicle. (*Id.* ¶ 11.) At This is the functional equivalent of a grocery list that lists only "breakfast, lunch, and dinner"—it provides labels, not facts.

Faced with this lack of clarity, Defendant served targeted discovery requests seeking to identify the precise nature of the alleged defects at issue in this case. Rather than provide that information, Plaintiff refused to substantively respond—asserting that the nature of the alleged defects was somehow "not relevant" and even "privileged." In lieu of any meaningful response, Plaintiff merely pointed to a collection of repair orders, leaving Defendant to speculate as to which conditions, if any, Plaintiff contends constitute actionable defects. (*See* Plaintiff's Responses to Defendant's Special Interrogatories, Nos. 1-3, Exhibit "A" to the Mehall Dec.).

That approach is incompatible with Plaintiff's disclosure obligations under Federal Rule of Civil Procedure 26(a) and Federal Rule of Civil Procedure 26(e), which require parties to identify the factual basis of their claims and to supplement their disclosures in a timely manner. It is equally inconsistent with the scope and purpose of discovery under Federal Rule of Civil Procedure 26(b)(1), which is intended to eliminate surprise and allow parties to prepare for trial based on clearly disclosed claims and evidence.

The Ninth Circuit has made clear that these obligations are not aspirational. Where a party fails to disclose information required by Rule 26, the consequence is exclusion. Under Federal Rule of Civil Procedure 37(c)(1), a party precluded from using information or theories not properly disclosed unless the failure was substantially justified or harmless. This rule is "self-executing" and "automatic." See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

Courts in this Circuit routinely exclude late-disclosed theories and evidence where a party has failed to articulate its claims during discovery. *See Ollier v. Sweetwater Union High School District*, 768 F.3d 843, 861-65 (9th Cir. 2014). That principle applies with full force here. Plaintiff cannot refuse to identify the alleged defects during discovery, hide behind vague categorical labels, and then attempt to present specific defect theories for the first time at trial.

JOINT MOTIONS IN LIMINE DOCUMENT

The prejudice to Defendant is obvious and substantial. Without disclosure of the specific alleged defects, Defendant was deprived of the opportunity to investigate the claims, prepare defenses, retain appropriate experts, or conduct meaningful depositions. Allowing Plaintiff to unveil specific defect theories at trial would result in precisely the type of unfair surprise the Federal Rules are designed to prevent. Nor can Plaintiff meet its burden to show that its failure was substantially justified or harmless. There is no justification for refusing to identify the core factual basis of a claim, and the resulting prejudice cannot be cured on the eve of trial without disruption.

Plaintiff cannot have it both ways. Plaintiff cannot refuse to identify the alleged defects with the vehicle during discovery and then appear at trial with detailed descriptions of alleged defects. Plaintiff should be precluded at trial, therefore, from offering any testimony or evidence concerning defects not previously disclosed during discovery. As Plaintiff decided to rely upon the descriptions of the alleged issues in the repair orders during discovery, Plaintiff should be precluded at trial from relying upon anything other than those repair records to identify the claimed issues with the vehicle. Otherwise, Defendant will be unfairly surprised at trial and necessarily prejudiced in its ability to refute Plaintiff's allegations not previously disclosed.

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court exclude evidence and testimony at trial of alleged defects not previously identified by Plaintiff during discovery in this matter.

Dated: May 1, 2026                                  **ROSEWALDORF LLP**

By: */s/ Michael J. Mehall*
Michael J. Mehall
Attorneys for Defendant FCA US LLC

JOINT MOTIONS IN LIMINE DOCUMENT

Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
emailservices@slpattorney.com
**Strategic Legal Practices**
**A Professional Corporation**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff
SANTIAGO TALAVERA CASTRO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SANTIAGO TALAVERA CASTRO,
            Plaintiff,

    vs.

FCA US LLC,

            Defendant.

Case No.: 5:24-CV-06274-NW
*Judge: Hon. Noel Wise*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF RECALLS AND OTHER ISSUES PLAINTIFF DID NOT EXPERIENCE**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Plaintiff SANTIAGO TALAVERA CASTRO ("Plaintiff") submits the following Opposition to Defendant's Motion in *Limine* No. 2 (the "Motion") to exclude recalls and other issues counsel claims do not apply to Plaintiff's 2017 Ram 1500 (the "Subject Vehicle"). Defendant's Motion should be denied as it effectively seeks improper summary adjudication of Plaintiff's claim as a form of relief. Furthermore, the Motion is vague, ambiguous, overly broad and premature because repair records and other evidence pertaining to the Plaintiff's vehicle have not been presented in evidence yet, so it cannot be determined which TSBs, recalls and bulletins might or might not be related to Plaintiff's complaints. Moreover, even for TSBs, recalls or campaigns that were not applied to Plaintiff's vehicle, that does not mean that none should have been applied to Plaintiff's vehicle. Perhaps that is why the Subject Vehicle was never properly repaired.

All presentations of the Subject Vehicle are relevant to show the symptoms experienced by the Plaintiff, and Defendant's ample opportunity to remedy the defects and/or provide restitution to the Plaintiff. Finally, the Court should deny Defendant's motion because case law supports the admissibility of recalls, service campaigns and TSB repairs.

## II.    ARGUMENT

### A.    Case Law Supports the Applicability of Recalls and TSBs to 1793.2(d)(2)

Recalls are considered repair visits for purposes of the Song-Beverly Act cases. *See Donlen v. Ford Motor Co.*, 217 Cal. App. 4th 138, 141 (2013), *as modified on denial of reh'g* (July 8, 2013) ("The first warranty repair, in August of 2005 at 11,618 miles, occurred **pursuant to a recall notice** plaintiff received from Ford. The recall concerned the truck's transmission." – **emphasis added**)

Indeed, the performance of recalls and technical service bulletins – and what Defendant knows about their efficacy - is often precisely at issue in the determination of both the presence of nonconformity, as well as a plaintiff's entitlement to civil penalties:

> Here, there was evidence to support a finding that Chrysler's "repair" of the faulty fuel pump relay was intentionally inadequate during the warranty period. Specifically, the bridge operation solved one problem—stalling or failing to start—only to introduce a new defect: the inability of the fuel pump to shut off in the event of an accident.
>
> Contemporaneous internal e-mails demonstrated that Chrysler was aware of the problem. And Santana's expert testified there was no evidence that Chrysler's **recall procedure** ever accounted for the new risk, and that, in fact, Santana's vehicle was left with the new defect after the bridge operation. Although Chrysler did not include the actual warranty in our record, presumably it requires a repair that restores full functionality, not a "MacGyver" half measure that simply swaps defects. From this evidence, the jury could infer that Chrysler intentionally chose not fully to honor the express warranty, which is sufficient to support a civil penalty under Civil Code section 1794, subdivision (c).
>
> *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 347 (2020) (**emphasis added**).

Evidence of the inefficacy of FCA's repair measures supports Plaintiff's claim of unrepaired nonconformity and FCA's liability. A jury could conclude that Defendant knowingly failed to conform the Subject Vehicle to warranty within a reasonable time.

**B.** **Precluding Presentment of Recalls Would Be Highly Prejudicial to Plaintiff's Case and Improper Under the Rules of Evidence as Case Law Supports the Applicability of Recalls and Technical Service Bulletins to 1793.2(d)(2)**

Here, in order to prevail on their claims, Plaintiff must demonstrate (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value, or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or its representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.)

Here, the recalls demonstrate a nonconformity with the warranty. *See Donlen v. Ford Motor Co.*, 217 Cal. App. 4th 138, 141 (2013), *as modified on denial of reh'g* (July 8, 2013). As the evidence would be relevant to demonstrate the nonconformities in the Subject Vehicle, this evidence should be allowed. Balancing as required by FRE, Rule 403 shows that probative value of recalls and TSBs is high and the prejudicial effect or likelihood of confusing the issues or misleading the jury is very low. Therefore, this evidence is admissible.

**C.** **Evidence of Other Defects Are Relevant When They Relate to Plaintiff's Vehicle And/Or the Defects Plaguing Plaintiff's Vehicle**

Evidence of recalls and TSBs is relevant for two reasons: (1) it tends to show that the Plaintiff's vehicle exhibited the same or similar recurring problems as those affecting similar vehicles, which tends to prove that Plaintiff's vehicle was unwarrantable, and (2) it tends to prove Defendant's knowledge that the Subject Vehicle was defective and could

not be remedied, which is relevant to establish civil penalties against FCA for willful failure to repurchase the vehicle.

Defendant's Motion to exclude evidence of recalls and technical service bulletins ("TSBs") "unrelated to Plaintiff's complaints" should be denied to the extent Defendant seeks to exclude evidence of relevant TSBs or recalls that apply to the 2017 Ram 1500 and/or its component parts. If TSBs or recalls apply to the same make and model as Subject Vehicle but were not performed, then those documents would show that Defendant failed to undertake reasonable corrective measures and failed to repair the vehicle within a reasonable number of attempts. (See Civ. Code, § 1793.2(d)(2)(B).)

Defendant will have the ability to present evidence at trial to convince the jury that certain documentation is "unrelated" to issues experienced by Plaintiff. This is a valid trial argument which may or may not be persuasive. Defendant does not, however, deserve a blanket exclusion of all TSBs and recalls. Just because the repairs issued by the TSBs or recalls were not performed on Subject Vehicle does not mean that they do not apply to the Subject Vehicle or that they should not have been performed on it. Plaintiff and his expert(s) should be permitted to introduce evidence of TSBs and recalls if they establish the appropriate foundation at time of trial. If a particular TSB, recall or campaign is truly irrelevant, Defendant can make that objection at the time of trial, when the Court can review and assess what is actually being considered.

In addition, the TSBs and recalls are evidence that Defendant built a defective vehicle and failed to remedy the defects in a timely manner. Likewise, the TSBs and recalls show that the vehicle was not merchantable. (See Civ. Code § 1791.1; *Mocek v. Alfa Leisure, Inc.* (2003) 114 Cal.App.4th 402,406.)

Evidence of recurring problems in other vehicles (which led to a recall or TSB being issued) is admissible when it involves the exact same parts or component systems in Plaintiff's vehicle. In *Donlen v. Ford Motor Company* (2013) 217 Cal.App.4th 138, the plaintiff's chief complaints involved the transmission in his Ford F-450. The plaintiff's expert testified that "he had heard from others that [the transmission] was 'problematic'

[and he] also testified of similar problems with other F-450 transmissions." (*Ibid*.) The court held that such 'other vehicle' testimony was not unduly prejudicial. It did not concern simply other vehicles. It was limited to the [defective component] in Plaintiff's truck and other vehicles. [Plaintiff's expert] described what Ford itself had done to notify dealers and technicians about problems with this [defective component] model. Thus, everything about which he testified that applied to other vehicles applied equally to Plaintiff's vehicle. Such evidence certainly was probative and not unduly prejudicial." (*Id.* at 154.)

### E.   Defendant Has Not Established What Should be Excluded Under Federal Rules of Evidence, Rule 403

Defendant objects to evidence pursuant to *FRE*, Rule 403. Relevant evidence is excluded only if the prejudice is undue, if the evidence will mislead or confuse the jury, or if the presentation of evidence will consume an undue amount of time. (*FRE*, Rule 403.) The admission of relevant service bulletins and recall notices would not create substantial danger of undue prejudice. Defendant articulates no specific statement of prejudice that would result if such documents were admitted.

## III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request that the Court deny Defendant's Motion in Limine No. 2.

Dated: May 1, 2026          STRATEGIC LEGAL PRACTICES, APC

By:_____*/s/ Larry Chae*_____
          Larry Chae
          Attorneys for Plaintiff
          SANTIAGO TALAVERA CASTRO

Glen F. Olives (SBN 196854)
Michael J. Mehall (SBN 185959)
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone:  (518) 869-9200
Facsimile:   (518) 869-3334
Email: golives@rosewaldorf.com
        mmehall@rosewaldorf.com
        calimail@rosewaldorf.com

Attorneys for Defendant FCA US LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO | Case No.: 5:24-cv-6274 |
| Plaintiff, | (Removed from Santa Clara County Superior Court, Case No. 24CV444326) |
| vs. | |
| FCA US, LLC; and DOES 1 through 10, inclusive, | **DEFENDANT FCA US LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING IRRELEVANT OR UNFAIRLY PREJUDICIAL CONCERNS OR COMPLAINTS** |
| Defendants. | |
| | [Motion in Limine No. 3 of 3] |

        **TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

        **PLEASE TAKE NOTICE THAT,** Defendant FCA US LLC ("FCA US") will move this court for an order, *in limine*, for an order before trial and selection of a jury:

        1.      Excluding all evidence, testimony, reference, or discussion of concerns, issues, or alleged defects, with Plaintiff's vehicle that were not presented to an authorized

FCA US dealership for repair on at least two occasions or were presented for repair after the expiration of the applicable warranty period.

2.      Precluding Plaintiff, their attorney, or any other witnesses from referring to the fact that this motion has been made and granted, and to warn each of the parties, their witnesses, and counsel to follow these instructions.

3.      Defendants anticipate that Plaintiff and their counsel and witnesses will attempt to introduce evidence of concerns that were subject to repair after the expiration of the applicable warranty term.  Such evidence or testimony is wholly irrelevant and therefore, inadmissible, as this action is based upon the alleged failure of Defendant to comply with warranty obligations.

4.      Defendants anticipate that Plaintiff and their counsel and witnesses will attempt to introduce evidence of concerns that were only subject to one unsuccessful repair. Such evidence is irrelevant and inadmissible under *Silvio v. Ford Motor Company* (2003) 109 Cal.App.4th 1205.

5.      Alternatively, Evidence Code Section 352 requires exclusion because such evidence would mislead the jury, confuse the issues, cause unfair prejudice, and is a waste of time.

Finally, before any such evidence is considered by the jury, Defendants request an Evidence Code 402 hearing.

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Michael J. Mehall, the records and pleadings on file in this matter, the documents of which this court may properly take judicial notice, and upon such other oral and/or documentary evidence or argument as may be presented at the time of hearing of this motion.

Dated:  May 1, 2026

**ROSEWALDORF LLP**

By: */s/Michael J. Mehall*
Michael J. Mehall
Attorney for Defendant

JOINT MOTIONS IN LIMINE DOCUMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL BACKGROUND

By this Motion, Defendant seeks to exclude irrelevant and prejudicial evidence regarding the subject vehicle including:

• Any evidence of concerns that were subject to repair after the expiration of the applicable warranty term.  Such evidence or testimony is wholly irrelevant and therefore, inadmissible, as this action is based upon the alleged failure of Defendant to comply with warranty obligations.

• Any evidence of concerns relating to the subject vehicle which were never presented or presented just once within the applicable warranty periods. This result is compelled by the case of Silvio v. FCA US LLC (2003) 109 Cal. App 4th 1205. There, the Court of Appeals held that a manufacturer cannot be obligated to repurchase a vehicle for concerns that have not been presented at least twice within the express warranty and were not corrected.

As an alternative ground for exclusion, the admission of the aforementioned evidence would be more prejudicial than probative, confuse the issues, mislead the jury and waste time. Therefore, under Evidence Code Section 352, such evidence should be excluded in this case.

### II.    FACTUAL BACKGROUND

This action involves a single vehicle, a 2017 RAM Truck 1500, ("Subject Vehicle"), that was purchased by Plaintiff on or about April 3, 2018.  At the time of original delivery to Plaintiff, the Vehicle was accompanied by FCA US LLC's New Vehicle Limited Warranty. Plaintiff alleges that the Vehicle was delivered with alleged defects and that the alleged defects were not timely and/or properly repaired pursuant to this written limited warranty (*see* Complaint, ECF 1.1).  Plaintiff asserts claims for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly") based upon these allegations.

Pursuant to the clear terms of the written limited warranty, the Basic Limited Warranty lasted for a period of 36 months or 36,000 miles from original delivery, whichever came first (*see* Written Limited Warranty, Exhibit "A" to the Complaint, ECF 1-1). In addition, the Powertrain Limited Warranty lasted for a period of 5 years or 100,000 miles from original delivery, whichever came first (*id.* at p. 9). See also, that the warranty specifically identifies the Exhaust Gas Recirculation system as covered by the Basic Limited Warranty for 3 years or 36,000 miles. (*Id.* at p. 15).

## III.    ARGUMENT

### A.  Irrelevant Evidence Should Not Be Admitted at Trial.

Relevance is a threshold requirement for admissibility. Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Federal Rule of Evidence 401. While district courts have discretion in evidentiary rulings, that discretion does not extend to admitting irrelevant evidence.

Even where evidence has some minimal relevance, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. Federal Rule of Evidence 403.

Here, a "Plaintiff pursuing an action under the Song-Beverly Act has the burden to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." *Oregel v. American Isuzu Motors, Inc.*, (2001) 90 Cal.App.4th 1094, 1101, citing Civ. Code § 1793.2 and *Ibrahim v. Ford Motor Co.*, (1989) 214 Cal.App.3d 878, 886-887.

**B.  Any Concerns Presented for Repair After the Expiration of the Warranty are Irrelevant.**

As noted above, the limited warranty expired on mileage at 36,000 miles. Therefore, any repair, repair attempt, recalls or alleged problem with the Subject Vehicle presented after this warranty expired or were otherwise not covered by the written limited warranty do not tend to prove or disprove whether the warranty was breached.  This is a particularly important issue because of the specific allegations against FCA US in the Complaint.  Plaintiff's causes of action are based upon breach of express and implied warranties under California Song-Beverly Consumer Warranty Act.  To prevail on this claim, a plaintiff must make specific factual showings including that the vehicle was not repaired "so as to conform to the applicable warranty." *Civ. Code § 1793.2(d)(1)*.  In other words, the only relevant repairs were those covered by warranty.  More importantly, it is well-settled that the general rule is that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed. *Daugherty v. American Honda Motor Co.* (2006) 144 Cal.App.4th 824, 830.

In this matter, Plaintiff presented the vehicle for repairs well beyond the expiration of the written limited warranty.  While certain repairs may have been covered free of charge to Plaintiff, such coverage was *not* under FCA US LLC's written limited warranty. Therefore, not only is the evidence of repairs following the expiration of FCA US LLC's written limited warranty irrelevant, but allowing such evidence in would certainly confuse the jury into thinking that despite the expiration of the coverage, the lack of payment by Plaintiff for the repairs acted as some type of admission by FCA US that coverage was still applicable.  This is not true, but the potential for extreme prejudice to Defendant is present and evident.  Therefore, for this additional reason, such evidence that is the subject of this motion should be precluded.

/ / /

/ / /

## C. Any Concerns Never Presented for Repair or Presented Only Once for Repair are Irrelevant and Should Not Be Admitted at Trial.

In *Silvio v. Ford Motor Co.* (2003) 109 Cal. App 4th 1205, the Court of Appeal considered the trial court's granting of a nonsuit on the plaintiff's Song-Beverly cause of action because the Plaintiff had only presented his unintended acceleration complaint to the dealership on one occasion. The Court of Appeal affirmed, holding that the Act triggered a restitution obligation if and only if the manufacturer had failed to repair within a reasonable number of repair attempts. In doing so, the Court of Appeal looked to the plain language of Civ. Code § 1793.2(d)(2): "Our first task is to look at the statutory language, giving the words the meaning they bear in ordinary use . . . 'Attempts' is plural. *The statute does not require the manufacturer to make restitution or replace a vehicle if it has had only one opportunity to repair that vehicle.*" (Id. at 1208 [emphasis added].)

The case law since *Silvio* concerning the issue of "reasonable number of repair attempts" has exclusively pertained to multiple repairs to similar concerns or similar components, which further supports Defendant's position herein. For example, in *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App. 4th 785, the court found that there was sufficient evidence for a jury to conclude that the number of attempts was unreasonable, specifically, multiple attempts for a water leak problem. (*Id.* at 742.) Citing *Silvio*, the Court of Appeal in *Robertson* stated, "[t]he reasonableness of the number of repair attempts is a question of fact to be determined in light of the circumstances, *but at a minimum there must be more than one opportunity to fix the nonconformity . . .* (statute uses plural `attempts'.)" (*Id.* at 741 [emphasis added].) Similar to the Supreme Court in *Johnson*, the Court of Appeal in *Robertson* specifically used the words "fix the nonconformity," not "fix the vehicle." Furthermore, a mere complaint is not sufficient but instead, a Plaintiffs must show that the manufacturer was allowed an opportunity to repair the vehicle. *See Treuhaft v Mercedes-Benz USA, LLC,* (C.D.Cal. 2021) 2021 U.S. Dist. LEXIS 127536 (wherein the U.S. District Court for the Central District of California, found that dismissal of a claim under Song-Beverly was warranted

for the failure to allege that "Plaintiffs gave Defendant an opportunity to repair the same issue on multiple occasions").

In light of the above authority, this Court should exclude any concerns that were: (1) not presented for repair at all; or (1) presented for repair only one occasion. Furthermore, Defendants submit that under the logic of *Silvio*, concerns presented twice within the written warranties and admittedly repaired should also be excluded. This is because FCA US has fulfilled its statutory duty if it repaired a concern within two repair attempts in warranty.

**D. Alternatively, an Evidence Code 402 Hearing Should take Place to Determine Which Repairs Should Be Excluded.**

If the court does not grant this motion, Defendant requests that, alternatively, the Court hold a preliminary fact hearing, outside the presence of the jury, in accordance with Evidence Code Section 402, to any alleged defects or nonconformities that Defendant's challenge as inadmissible under the legal standards set forth in this motion.

**III. CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this motion and exclude concerns presented after the expiration of the warranty term or never presented or presented just once within warranty, or in the alternative, hold a preliminary fact hearing prior to admission.

Dated: May 1, 2026                                   **ROSEWALDORF LLP**

By: */s/ Michael J. Mehall*
Michael J. Mehall
Attorney for Defendant FCA US LLC

Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
emailservices@slpattorney.com
**Strategic Legal Practices**
**A Professional Corporation**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff
SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US LLC, <br><br> Defendant. | Case No.: 5:24-CV-06274-NW <br> *Judge: Hon. Noel Wise* <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF ALLEGED DEFECTS NOT REFELCTED IN SERVICE HISTORY** |

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     INTRODUCTION

Defendant FCA US LLC ("FCA" or "Defendant") seeks to preclude evidence of conditions or defects that counsel argues were subject to at least one repair attempt or that were presented after the warranty period.  To the extent that Defendant attempts to categorize Plaintiff's complaints as separate issues unrelated to each other and unrelated to an overall problem pervasive throughout the entire Vehicle, this Motion is vague, ambiguous and lacks any factual support.

Any determination regarding complaints, repair visits and how to define which are discrete "issues" are questions of fact that require deliberation by a jury after reviewing evidence and hearing testimony.  Defendant misstates the applicable law, improperly presupposes facts that a jury will find, and ignores the plain relevance of evidence to both liability and to damages.  Thus, FCA's Motion should be denied.

## II.    ARGUMENT

Defendant's Motion does not identify any repairs that it believes should be excluded.  Furthermore, Defendant presupposes, without any supporting evidence, that various service visits were entirely unrelated.

### A.    Defendant Fails to Acknowledge the Relationship Between Plaintiff's Repeated Repair Attempts

Many systems in modern vehicles are interconnected, so to merely dismiss symptoms or complaints as unrelated prematurely presupposes lack of an ultimate underlying cause. Plaintiff is a consumer who experienced symptoms of nonconformities with the Subject Vehicle and presented it for repair due to those symptoms.

As a layperson, Plaintiff provided the dealership with a description of the symptoms he experienced based on his layperson perceptions.  The complaint language used by Plaintiff as a layperson, and his potential inability to articulate all of the Subject Vehicle issues when speaking with Defendant's representatives, does not control whether complaints share an ultimate cause. Though not required, Plaintiff intends to offer expert testimony explaining that the symptoms are not isolated problems, but rather stem from deeper interrelated defects. The importance of so-called "unreported" issues will turn on testimony and evidence at trial and is properly left for the trier of fact.  Defendant can object later if there are proper grounds and will have its opportunity to argue to the jury that certain evidence is "unrelated" to documented complaints and should not be considered.  That conclusion cannot be drawn now in the absence of competent evidence.

### B.    A Vehicle (Not A Particular Component) Must Be Conformed To Warranty

The Song-Beverly Act applies a two-part test to the question of whether a *vehicle* qualifies for repurchase: (1) the *vehicle* has a nonconformity to warranty; and (2) the manufacturer or its representative is unable to properly repair *it* after "a reasonable number of attempts." (Civ. Code, § 1793.2 [*emphasis added*].)

Whether there has been a reasonable number of repair attempts is necessarily a highly disputed question of fact. (See *Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal. 5th 966, 987, "The question of whether a manufacturer has any obligation to provide restitution or a replacement vehicle is almost always the key issue in dispute in these cases"; *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App. 4th 785, 799, "The reasonableness of the number of repair attempts is a question of fact to be determined in light of the circumstances").

To constitute a repair opportunity, the dealership need not have verified, nor even tried to repair the problem; what matters is the number of opportunities or presentations to conduct a repair, not whether Defendant made use of them. (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1103-1104; *Schreidel v. American Honda Motor Co.* (1995) 34 Cal. App. 4th 1242, 1253, "Honda claims the record shows that its mechanics were unable to duplicate the problems Schreidel described…").

Courts look to whether the **<u>entire vehicle</u>** (not just a particular component) was conformed to warranty. "The statute requires the manufacturer to afford the specified remedies of restitution or replacement if that manufacturer is unable to repair *the vehicle* 'after a reasonable number of attempts.'" (*Silvio v. Ford Motor Company* (2003) 109 Cal.App.4th 1205, 1208 (emphasis added); "[T]he only affirmative step the Act imposes on consumers is to permit the manufacturer a reasonable opportunity to repair *the vehicle*. Whether or not the manufacturer's agents choose to take advantage of the opportunity or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible" (*Oregel.* 90 Cal.App.4th at 1103-1104).

A successful repair under the SBA "restores "full functionality, not a "MacGyver" half measure that simply swaps defects." (See *Santana v. FCA US, LLC* (2020) 56 Cal. App. 5th 334, 346 See also *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 800-03, affirming jury verdict where no repair attempts were

JOINT MOTIONS IN LIMINE DOCUMENT

made to certain defects but the vehicle had been subject to repair more than a reasonable number of times).

*Santana v. FCA US, LLC* illustrates this point. In that case, a car developed additional, different problems after repair attempts. Affirming liability, the Court reasoned that a successful repair restores "*full functionality*, not a "MacGyver" half measure that simply *swaps defects*." (*Santana v. FCA US, LLC* (2020) 56 Cal. App. 5th 334, 346 (emphasis added)). The Court found a violation of 1793.2(d)(2) regardless of whether the defects were the same, because the car was not repaired.

Focus on the vehicle as a whole is also consistent with the SBA's remedial purpose, which abjures interpretations that limit its protections. (*Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184). "[T]he Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action…Any interpretation that would significantly vitiate the incentive to comply should be avoided." (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal. 4th 985, 990.

### C.    Plaintiff's Implied Warranty Claim May Be Proved Without Visits

Plaintiff also advances a claim for breach of implied warranty of merchantability. Defendant fails to acknowledge this claim in its motion. Contrary to Defendant's position, Plaintiff is not required to present the vehicle for *any* repairs in order to bring a claim for breach of the implied warranty of merchantability. *Mocek v. Alfa Leisure, Inc.* (2003) 114 Cal. App. 4th 402, 404 ("[T]here is no requirement the seller be given an opportunity to repair when the implied warranty of merchantability is breached."). Therefore, even if Defendant can claim that it did not have notice of a particular claimed defect, its existence can support a breach of implied warranty claim.

### D.    Post Warranty Repair Visits are Relevant to Whether Defendant Failed to Conform the Vehicle to Warranty

Evidence of post warranty repair visits is relevant (and admissible) to establish whether the vehicle was fully repaired within the express warranty period. *Donlen v. Ford Motor Co.* (2013) 217 Cal.App.4th 138, 148-149.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine No. 3.

Dated: May 1, 2026                    STRATEGIC LEGAL PRACTICES, APC


By:_____*/s/ Larry Chae*_____
          Larry Chae
          Attorneys for Plaintiff
          SANTIAGO TALAVERA CASTRO

**<u>Attestation of Filer</u>**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that all signatories listed above, and on behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  May 1, 2026          _____*/s/ Michael J. Mehall*_____

                               Attorney for Defendant

JOINT MOTIONS IN LIMINE DOCUMENT