Payam Shahian (SBN 228506)
pshahian@slpattorney.com
Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC,<br><br>Defendant. | Case No.: 5:24-CV-06274-NW<br>*Judge: Hon. Noel Wise*<br><br>**DECLARATION OF PAYAM SHAHIAN IN RESPONSE TO THE COURT'S APRIL 28, 2026, ORDER CONTINUING ORDER TO SHOW CAUSE**<br><br>Date: May 5, 2026<br>Time: 2:30 p.m.<br>Judge: Hon. Noël Wise |

DECLARATION OF PAYAM SHAHIAN

I, PAYAM SHAHIAN, declare as follows:

1. I am an attorney licensed to practice law in California and before this Court. I am the founder and managing partner of Strategic Legal Practices, APC ("SLP"), counsel of record for Plaintiff Santiago Talavera Castro. I submit this declaration in response to the Court's April 28, 2026, Order Imposing Sanctions and Continuing Order to Show Cause as to Plaintiff and Plaintiff's Counsel (Dkt. No. 66) (the "April 28 Order"). I make this declaration based on personal knowledge, and otherwise on information and belief, including based on information from various orders assembled and reviewed through outside ethics counsel retained by SLP to assist me in responding to the April 28 Order. If called as a witness, I could and would testify competently to the matters set forth herein.

2. I provide the information set forth in this declaration without waiving, and expressly reserving, the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or protections. Nothing in this declaration is intended, and nothing should be construed, as a waiver of any privilege or protection held by SLP, by me, or by any client of SLP. Any communications with, or materials prepared by or at the direction of, outside ethics counsel are submitted only for the limited purpose of responding to the April 28 Order and are not intended to waive any privilege or protection.

3. The April 28 Order requires this declaration to be filed by May 5, 2026, and required my personal in-person appearance on May 6, 2026 (which was subsequently advanced to May 5, 2026 (*see* Dkt. 74)). The Order was issued on April 28, 2026, and the transcript of the April 22, 2026 hearing—which I did not personally attend—was not made available until on or about the same day the April 28 Order was issued, notwithstanding that Plaintiff's counsel had ordered the transcript on on April 23, 2026. Plaintiff sought a thirty-day extension by *ex parte* application. While that application was pending, I have, with the assistance of outside ethics counsel, used the limited time available to prepare this declaration in good faith and to the best of my present ability.

DECLARATION OF PAYAM SHAHIAN

4. During the same period in which I have been preparing this declaration, my father was hospitalized at Cedars-Sinai Medical Center in Los Angeles, California, requiring my attention to family matters. In addition, Tionna Carvalho, the only other SLP partner at the time, departed the firm effective May 1, 2026, and I have been simultaneously occupied with matters relating to her departure and the transition of firm management. The compressed timing, combined with these personal and professional circumstances, has materially limited the time available for the comprehensive investigation that the April 28 Order contemplates. I have nevertheless attempted, in good faith and through outside ethics counsel, to provide as complete a response as is reasonably practicable in the time available.

5. Because of the time constraints described above, and the scope of the Court's request, this declaration is limited to sanctions information from federal courts within the State of California of which I am presently aware after a good-faith inquiry conducted with the assistance of outside ethics counsel. SLP has worked with hundreds of attorneys (including contract attorneys and others) over its sixteen-year history, and historical records concerning that period were maintained in different databases or systems that are no longer available.

**Responses to the Specific Items Listed in the April 28 Order**

6. **Item No. 1**: Whether I have ever been personally sanctioned by any court. Based on my personal knowledge and on a review conducted with outside ethics counsel of available federal court records in California, I am not aware of any instance in which any federal court in California has imposed a monetary sanction on me personally. I have never been counsel of record in any of the cases in which sanctions have been imposed on SLP attorneys in a California federal court of which I am presently aware. A chart compiled with the assistance of outside ethics counsel summarizing the federal-court sanction matters identified to date involving SLP attorneys is attached hereto as **Exhibit A**. Because I have not been personally sanctioned, the chart format requested for Item Nos. 1(a)–(d) is not applicable as to me. I separately address Item No. 4 below.

DECLARATION OF PAYAM SHAHIAN

7. **Item No. 2:** Whether a court has ever imposed non-monetary sanctions (*e.g.*, issue preclusion or dismissal) against me personally. Based on the same investigation, I am not aware of any non-monetary sanction (including, without limitation, any issue preclusion or dismissal sanction) imposed against me personally in any federal court in California. As reflected in Exhibit A, the only dismissal entered as a sanction in any matter identified involving SLP attorneys was in *Murillo v. FCA US, LLC*, No. 22-cv-3970 PA (PDx) (C.D. Cal. May 8, 2023), in which the case was dismissed without prejudice under Rule 41(b); I was not counsel of record in that matter. Regardless, the *Murillo* case settled favorably for the client pursuant to an accepted Rule 68 offer for $115,000 (with plaintiff's fees and costs up to the date of the offer, if not resolved between the parties, to be determined by properly noticed motion). (*See Murillo*, Docket No. 36 (Request for Entry of Judgment and Exhibit A (signed Rule 68 Offer)).

8. **Item No. 3:** Any instance where a court found that I personally breached professional conduct obligations, irrespective of any sanction. Based on the same investigation, I am not aware of any instance in which any federal court in California has made a finding that I personally breached professional conduct obligations. Exhibit A reflects the findings made by various courts in matters in which SLP attorneys, but not me personally, were counsel of record.

9. **Item No. 4:** Attestation. Subject to the limitations described in paragraphs 3–5 above (including the limitation of this declaration to California federal courts and the time constraints under which it was prepared), I attest that, to the best of my knowledge after the good-faith inquiry described herein, I have not personally been the subject of any sanction by any federal court within the State of California.

10. **Item No. 5**: Chart of sanctions imposed on attorneys for conduct during their time at SLP. A chart of the California federal court sanctions involving SLP attorneys identified to date is attached as Exhibit A and is incorporated herein by reference. Exhibit A is the product of an independent investigation conducted under the direction of outside ethics counsel; it does not rely solely on, and does not incorporate by reference, the declarations previously filed in this matter by individual SLP attorneys. As noted in paragraph 5 above, the chart is limited to federal

DECLARATION OF PAYAM SHAHIAN

courts within the State of California and to the information identified to date through that investigation.

11. **Item No. 6:** Sanctions imposed on SLP. The instances of which I am presently aware in which a federal court in California has imposed a sanction on SLP as a firm are reflected in Exhibit A. Outside ethics counsel has been engaged and is continuing to assist with this aspect of the inquiry.

12. **Item No. 7:** State Bar reporting compliance. With respect to State Bar reporting obligations, the firm provides its attorneys and law clerks with access to The Rutter Group California Practice Guides for federal and state court practice through Westlaw, and provides full Westlaw access for federal and state legal research, including with respect to professional responsibility obligations. To the extent any sanction reflected in Exhibit A is at or above the $1,000 threshold under Business and Professions Code section 6086.7, the date of any such report and the identity of the reporter, where presently known, are reflected in the chart or are the subject of continuing inquiry by outside ethics counsel.

13. **Item No. 8:** Steps personally taken to ensure firm-wide compliance. Having reviewed the April 28 Order and other recent orders that have been brought to my attention, I understand that I have additional work to do as the founder and managing partner of SLP, and I am committed to doing it. The steps I have personally taken, and am taking, include the following:

    a. Following the recent departure of Tionna Carvalho from her prior senior leadership role and the transition in the firm's partnership structure, I have elevated two additional attorneys to partner, Mani Arabi and Larry Chae, expanding the partnership ranks responsible for supervising matters firm-wide.

    b. I have become more directly and personally involved in the training of associates. Effective post-COVID remote-work practices have made hands-on supervision more difficult, but I have nevertheless committed to a program in which outside ethics counsel will deliver a monthly seminar to firm attorneys

DECLARATION OF PAYAM SHAHIAN

addressing professional responsibility, court compliance, and related ethical issues.

c. In addition to the daily meetings I conduct with associates regarding the rules of civil procedure and case management, I have ensured that The Rutter Group California Practice Guides for federal and state practice are made available to every attorney and law clerk at the firm through Westlaw, and that each attorney has access to Westlaw for legal research, including research concerning professional responsibility and court rules.

d. SLP is making a significant investment in a new firm-wide case management system, the implementation of which will take several months to complete. The new system is intended to address, among other things, calendaring, deadline tracking, and supervisory review. The firm is also hiring additional attorneys to handle the increased volume of matters arising from the manufacturers' coordinated litigation strategy against SLP. Manufacturers have retained law firms across the United States to litigate Lemon Law cases, and I recognize that more attorneys are needed to meet that landscape; SLP, with its sixteen-year record as a leading firm representing California consumers in Lemon Law matters, is committed to meeting that need while improving compliance and supervision.

e. I understand and acknowledge that the trial documents in this case were submitted late, and that significant sanctions were imposed on SLP attorneys as a result of the failures associated with the March 18, 2026 pretrial deadline, in addition to the $500 sanction imposed on the defense firm RoseWaldorf LLP. I take those sanctions seriously and have personally communicated to all firm attorneys the importance of strict adherence to court-imposed deadlines and the consequences of failing to meet them. I respectfully submit that the volume of late filings and other deadline-related issues that the firm is working to address

DECLARATION OF PAYAM SHAHIAN

represents a work in progress that was not anticipated when manufacturers began more aggressively litigating consumer warranty cases—including by substituting in new defense firms, retaining counsel pro hac vice, and deploying expanded litigation teams. The firm is continuously addressing these issues, and I note that the resulting volume and pace of litigation has, to some extent, also affected even well-organized defense firms with substantial attorney resources. I am also continuing to improve the firm's internal processes to manage the increasing volume of removals to federal court, which I expect will increase further as a result of orders such as the April 28 Order being cited and published on Westlaw. I welcome that challenge, but respectfully submit that fully implementing the firm-wide compliance improvements described above will require additional time.

f.  Finally, with respect to the Court's concern regarding the impact of dismissal on clients, I am not commenting on the specific dismissals referenced in the April 28 Order, the circumstances of which are distinct from the improper and late filing of joint trial exhibits for which both parties were sanctioned for. I respectfully note, however, that the decision whether and when to dismiss a case is in many circumstances a strategic litigation decision protected by the attorney-client privilege and the work-product doctrine, and I am concerned that the Court's general directive concerning dismissals—while well-intentioned—can impede and have chilling effect on the attorney-client communications and the attorneys strategic decision-making in particular matters and provide the defense bar to use it to prejudice attorneys and their clients cases which both the Court and I have an interest to protect.

g.  This is because there are numerous legitimate strategic reasons a case may be dismissed and a different remedy pursued, including, by way of non-exhaustive example: (i) to provide a pre-litigation demand under Civil Code section 1782,

DECLARATION OF PAYAM SHAHIAN

which is a statutory prerequisite to seeking damages under the Consumers Legal Remedies Act, before refiling on a CLRA theory; (ii) to refile on a different factual or legal theory better supported after further investigation (e.g. under CLRA) or other consumer-protection statutes; (iii) to address a curable pleading or jurisdictional defect; amongst other instances. *See Medina v. St. George Auto Sales, Inc.*, 103 Cal. App. 5th 1194 (2024) ("the discovery rule applies to the CLRA's statute of limitations"). CLRA claims may also be asserted independent of any direct contractual relationship between the consumer and the manufacturer, and they extend to consumers who purchased used vehicles. See Cal. Civ. Code § 1780(a); *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174, 186 (2010); *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005). The CLRA also requires a pre-filing demand letter under Civil Code section 1782 before damages may be sought, and it is therefore not uncommon for a CLRA claim to be addressed pre-litigation; the absence of a refiled complaint following a dismissal does not necessarily mean that no remedy was pursued or obtained.

14. I respectfully acknowledge the Court's concerns. I have prepared this declaration in good faith, under significant time pressure, and with the assistance of outside ethics counsel. I will appear in person on May 5, 2026, as ordered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6, 2026, in San Jose, California.


    */s/ Payam Shahian*
    Payam Shahian

DECLARATION OF PAYAM SHAHIAN