Cynthia E. Tobisman (SBN 197983)
*ctobisman@gmsr.com*
GREINES, MARTIN, STEIN & RICHLAND LLP
6420 Wilshire Boulevard, Suite 1100
Los Angeles, California 90048
Telephone:   (310) 859-7811
Facsimile:    (310) 276-5261

Appellate Attorneys for Plaintiff's Counsel, Strategic Legal Practices, APC &
Strategic Legal Practices Managing Partner Payam Shahian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| SANTIAGO TALAVERA CASTRO, | CASE NO. 5:24-cv-06274-NW |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT**[1] |
| FCA US, LLC, | |
| Defendant. | Judge: Hon. Noël Wise |

---

[1] Because of the immediate necessity for a stay and the Court's limited availability, Plaintiff's Counsel does not object to a decision made without oral argument.

1

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

**TABLE OF CONTENTS**

|  | | **PAGE** |
|---|---|---|
| TABLE OF AUTHORITIES | | 3 |
| MEMORANDUM SUPPORTING EX PARTE APPLICATION TO STAY COURT's SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT | | 6 |
| I. | INTRODUCTION | 6 |
| II. | PROCEDURAL BACKGROUND | 7 |
| III. | ARGUMENT | 9 |
| | A. The *Nken* Factors Favor Granting a Stay of the Court's Show-Cause Orders. | 9 |
| | 1. Plaintiff's Counsel Is Likely To Succeed on the Merits. | 10 |
| | a. The scope of the sanctions contained within the Show Cause Orders exceed the Court's authority to issue appropriate sanctions *in connection with this case.* | 10 |
| | b. The sanctions were also impermissibly imposed without notice and an opportunity to be heard. | 13 |
| | 2. Absent a stay, Plaintiff's Counsel will be irreparably injured by the enforcement of the Show-Cause Orders. | 14 |
| | 3. Defendant Will Not Be Prejudiced By A Stay. | 16 |
| | 4. The Public Interest Supports The Court Issuing A Stay. | 16 |
| | B. Plaintiff Has Good Cause to File This Ex Parte Motion. | 16 |
| IV. | CONCLUSION | 17 |

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adduono v. World Hockey Ass'n*,
  824 F.2d 617 (8th Cir. 1987) ........................................... 14

*Altavion Inc. v. Konica Minolta Sys. Lab'y, Inc.*,
  171 Cal. Rptr. 3d 714 (Cal. Ct. App. 2014) ..................... 12

*Barrett Bus. Servs., Inc. v. Colmenero*,
  2025 WL 2048985 (9th Cir. July 22, 2025) ..................... 12

*Fjelstad v. Am. Honda Motor Co.*,
  762 F.2d 1334 (9th Cir. 1985) ........................... 10, 11, 12, 16

*Foster v. Wilson*,
  504 F.3d 1046 (9th Cir. 2007) ......................................... 7, 13

*GlaxoSmithKline LLC v. Boehringer Ingelheim Pharms., Inc.*,
  484 F.Supp.3d 207 (E.D. Pa. 2020) ................................. 15

*Gregory v. State of Montana*,
  118 F.4th 1069 (9th Cir. 2024) ........................................ 11, 13

*Immigrant Defs. L. Ctr. v. Noem*,
  145 F.4th 972 (9th Cir. 2025) .......................................... 9

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ........................................................ 13

*LA Int'l Corp. v. Prestige Brands Holdings, Inc.*,
  168 F.4th 608 (9th Cir. 2026) .......................................... 11

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................ 6, 10, 11

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ........................................... 10

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................ 6, passim

*Owen Equipment & Erection Co. v. Kroger*,
  437 U.S. 365 (1978) ........................................................ 13

3

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

# TABLE OF AUTHORITIES

**Page(s)**

*Reeves v. Hanlon*,
   95 P.3d 513 (Cal. 2004)                                                12

*Titaness Light Shop, LLC v. Sunlight Supply, Inc.*,
   585 Fed.App'x 390 (9th Cir. 2014)                                      15

*Trump v. CASA, Inc.*,
   606 U.S. 831 (2025)                                                 10, 15

**Statutes**

28 U.S.C. § 1292                                                           6

28 U.S.C. § 2283                                                          13

Cal. Civ. Code § 3426                                                     12

Cal. Civ. Proc. Code § 581                                                13

**Rules**

Fed. R. Civ. P. 1                                                        16

Fed. R. Civ. P. 16                                                       11

Fed. R. Civ. P. 37                                                    11, 16

Fed. R. Civ. P. 41                                                       13

Fed. R. Civ. P. 6                                                  6, 16, 17

Fed. R. Civ. P. 62                                                        6

**Other Authorities**

U.S. Const. art III                                                      13

4

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

**EX PARTE APPLICATION FOR STAY OF SHOW-CAUSE ORDERS PENDING FORTHCOMING APPEAL AND WRIT PROCEEDINGS**

Plaintiff's counsel Strategic Legal Practices, APC (SLP) and Payam Shahian (SLP's managing partner) (collectively, "Plaintiff's Counsel") hereby move ex parte to stay proceedings pending an appeal and forthcoming writ proceedings involving the Court's April 28, 2026 and May 6, 2026 Show-Cause Orders. Dkt. Nos. 66, 95. Failure to grant the stay will cause immediate, irreparable harm that cannot be remedied at the conclusion of this litigation. This motion is accompanied by a Memorandum in support of the motion, which is attached below. Good cause exists to file this request ex parte for the reasons stated herein.

Date: May 21, 2026        GREINES, MARTIN, STEIN & RICHLAND LLP
                          Cynthia E. Tobisman


                          By:  */s/ Cynthia E. Tobisman*
                               Appellate Attorneys for Plaintiff's Counsel,
                               Strategic Legal Practices, APC & Strategic Legal
                               Practices Managing Partner Payam Shahian

5

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

**MEMORANDUM SUPPORTING EX PARTE APPLICATION TO STAY COURT'S SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT**

**I.   INTRODUCTION**

Under Federal Rules of Civil Procedure rules 6(c) and 62(d), and 28 U.S.C. § 1292(a), Plaintiff's Counsel moves for a stay of the Court's April 28, 2026 and May 6, 2026 Show-Cause Orders pending appeal.  Dkt. Nos. 66, 95 ("Show-Cause Orders").  This court has "inherent" authority to stay proceedings "to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.").

The two most "most critical" considerations in issuing a stay are the movant's likelihood of success on appeal and the irreparable harm that will result in the absence of a stay.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  Both considerations are easily satisfied here.

The Show-Cause Orders—and the sanctions imposed therein—go far beyond the missed pretrial deadline that prompted them.  Both sides missed the same joint filing deadline.  Yet the resulting orders impose markedly different consequences on Plaintiff's Counsel that extend into unrelated cases involving nonparties—and that will hamstring their ability to represent their clients' best interests in those unrelated cases.  While defendant's counsel received a small fine, the Orders bars Plaintiffs' Counsel from dismissing cases without seeking permission.  They limit Plaintiffs' ability to reach confidential settlements—ones which may never be reached if Plaintiffs is connection to the merits here—all on top of hefty fines. forced to require the defendant to sign off on a notice of settlement.  And they require sensitive disclosures about internal law-firm operations and historical sanctions that have no apparent

/ / /

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

Worse, the sanctions were imposed without providing Plaintiff's counsel notice, an opportunity to provide responsive briefing, or any other opportunity to be heard. *See Foster v. Wilson*, 504 F.3d 1046, 1053 (9th Cir. 2007) (reversing imposition of sanctions under these circumstances).

The absence of a stay while Plaintiff's Counsel's appeal and forthcoming writ petition are pending will undoubtedly cause irreparable harm. Without a stay, Plaintiff's Counsel will be required to comply with challenged orders before appellate review can occur, including by disclosing sensitive internal firm information, identifying sanctions history beyond this case, and navigating restrictions that affect unrelated matters and nonparty clients. Their clients will also be deprived of their right to dismiss cases without seeking court permission in a filing that would necessarily call for information subject to attorney-client privilege and work product protections. These harm cannot be unwound by a later appellate ruling.

Plaintiff's Counsel respectfully requests a motion to stay pending appeal of the Show-Cause Orders for these reasons.

## II.    PROCEDURAL BACKGROUND

In July 2024, plaintiff Santiago Talavera Castro, represented by SLP, filed this lawsuit against Defendant FCA US, LLC ("FCA") in California state court. Dkt. No. 66, at 1. FCA, represented by RoseWaldorf LLP, removed the case to federal court in this district in September 2024. Dkt. No. 1.

After the Court held a pretrial case management conference, it set a pretrial conference for April 1, 2026 and required joint pretrial materials filed by both parties by March 18, 2026. Dkt. No. 66, at 1. Neither counsel for plaintiff nor defendant complied by the March 18 deadline. Dkt. No. 66, at 1.

/ / /

/ / /

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

Shortly thereafter, the Court issued an Order to Show Cause and set a hearing to inquire into the pretrial materials.  Dkt. No. 66, at 2.  During these hearings, it was revealed that neither counsel for plaintiff nor defendant reached out to the other prior to the March 18 deadline.  Dkt. No. 66, at 2–4.

After multiple hearings, on April 28, 2026, the Court issued an Order Imposing Sanctions And Continuing Order To Show Cause As To Plaintiff and Plaintiff's Counsel.  Dkt. No. 66.  In the Order, although both plaintiff's and defendant's counsel failed to meet the same joint deadline, the Court issued very different sanctions on each of the parties.  Dkt. No. 66, at 1, 6–10.

For defendant's counsel, the Court issued a monetary sanction of $500 on RoseWaldorf LLP; the Court sanctioned none of the firm's attorneys.  Dkt. No. 66, at 6–7.

For Plaintiff's Counsel, the Court: issued individual monetary sanctions (in varying amounts) on four SLP attorneys; required two attorneys to report the monetary sanction to the State Bar of California; ordered SLP Managing Partner Payam Shahian to appear before the Court; and required Mr. Shahian to provide detailed responses to several questions about his sanction history and a comprehensive detailing of "[a]ll instances of when *any* court sanctioned SLP since the date the firm *was founded*"—even if unrelated to this litigation or the client—and to identify SLP's internal management practices for ensuring compliance with California State Bar ethical rules and various court requirements (in general), among other requirements.  Dkt. No. 66, at 8–9 (emphasis added).

The Court added that SLP "is FURTHER ORDERED not to dismiss nor transfer to another firm any case in which an attorney from SLP was counsel of record as of the April 22, 2026 hearing, without (1) advance written approval from their client, (2) approval from the applicable court, and (3) after Mr. Shahian per-

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

sonally confirms that both the client (by email and U.S. mail) and the Court (by filing) have received this Order." Dkt. No. 66, at 9–10 (emphasis original).

At the May 5, 2026 hearing where Mr. Shahian appeared, the Court determined that SLP's and Mr. Shahian's responses were "insufficient." Dkt. No. 95, at 1. On May 6, the Court issued an Order Continuing Order To Show Cause, amending and expanding its original sanctions to require Mr. Shahian to attest to "when his firm last took on a new client prior to the May 5, 2026 hearing" and limiting the disclosure of prior sanctions to the past five years instead of SLP's founding. Dkt. No. 95, at 1–2.

Now, Plaintiff's Counsel hereby files a motion to stay the Show-Cause Orders pending resolution of both the pending appeal and the forthcoming writ petition Plaintiff's Counsel intends to file to challenge the Show-Cause Orders. Dkt. Nos. 66, 95.

## III.    ARGUMENT

### A.    The *Nken* Factors Favor Granting a Stay of the Court's Show-Cause Orders.

In considering Plaintiff's Counsel's motion for stay pending appeal, the Court uses the traditional four factors outlined in *Nken*, 556 U.S. at 434. *See Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 985–86 (9th Cir. 2025) (applying *Nken* factors). The *Nken* factors consider: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken*, 556 U.S. at 434. Though the first two factors are "most critical," all four factors favor granting Plaintiff's Counsel's motion to stay. *Id*.

/ / /

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

**1.    Plaintiff's Counsel Is Likely To Succeed on the Merits.**

In assessing the first *Nken* factor, Plaintiff's Counsel can show that it will "more likely than not" succeed on the merits in overturning the penalties associated with the Show-Cause Orders. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

**a.    The scope of the sanctions contained within the Show Cause Orders exceed the Court's authority to issue appropriate sanctions *in connection with this case.***

Plaintiff's Counsel will show that the Show-Cause Orders were effectively unlawful injunctions seeking to manage the day-to-day practice of SLP, exceeding the Court's sanction authority, by requiring the firm to release trade secrets, restricting its ability to dismiss unrelated civil actions, and requiring it to file notices of settlement when such an agreement may only be reached if no such notice is filed in the first place—thus prejudicing Plaintiff's Counsel and hundreds of nonparties in unrelated matters. *See Nken*, 556 U.S. at 434.

An injunction is a "means by which a court tells someone what to do or not to." *Nken*, 556 U.S. at 428. Under Article III and Congress's granting of federal court jurisdiction, the scope of an injunction is inherently limited. *See, e.g., Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) (federal courts "resolve cases and controversies consistent with the authority Congress has given them"); *id.* at 862–63 (Thomas, J., concurring) ("As the Court recognizes, the complete-relief principle operates as a ceiling:  In no circumstance can a court award relief beyond that necessary to redress the plaintiffs' injuries."); *cf. Landis*, 299 U.S. at 254–55 (court has inherent authority to control "causes on *its* docket" (emphasis added)).

"Sanctions imposed under Rule 37(b)(2) 'must be specifically related to the particular "claim" which was at issue in the order to provide discovery.'" *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1342 (9th Cir. 1985).  The Court cites no

10

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

provision—and no provision of the Federal Rules of Civil Procedure nor the U.S. Code exists—authorizing it to mandate internal Firm practices unrelated to the underlying litigation and restricting *nonparties'* ability to dismiss unrelated actions freely.

Both Federal Rules of Civil Procedure 16 and 37 (the provisions relied on by the Court) limit the scope of sanctions the Court can provide as those "just" and specifically relevant to the litigation.  Fed. R. Civ. P. 16(f), 37(b).  Under Rule 16(f), sanctions must be limited to "*just* orders" (emphasis added) when arising from pretrial conferences.  Rule 37(b) discovery sanctions are even more limited, providing for *specific* sanctions commensurate with the nature of the violation *within* the proceeding—i.e., specific facts being admitted, specific pleadings being struck "in whole or in part," or in drastic cases mandating dismissal of that *specific* action.  *See Fjelstad*, 762 F.2d at 1342; *Gregory v. State of Montana*, 118 F.4th 1069, 1076–77 (9th Cir. 2024) (abuse of discretion to rely on "inherent authority" to issue sanctions in excess of "the requirements for imposing such sanctions under Rule 37").

The Show-Cause Orders were not "just orders" as required by Rule 16 and were mostly rooted in the Court "control[ling] . . . *its* docket" under its inherent authority.  *Landis*, 299 U.S. at 254–55 (emphasis added).  Even within this case, the penalties on Plaintiff's Counsel were disproportionate relative to defendant's counsel despite being based on the same violation of the same obligation. *Compare* Dkt. No. 66, at 7, *with id.* at 7–10.  There is nothing "just" about penalizing Plaintiff's Counsel far more severely based on a court's views regarding how to run Plaintiff's Counsel's legal practice.  *See LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 626 (9th Cir. 2026) (impermissible to consider fee reduction "because of how [lawyers] have structured their workplaces").

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

Further, as a matter of practice, the Show-Cause Orders applies to cases that are before different jurists and that exceed this Court's jurisdiction. Dkt. No. 66, at 9–10 (SLP "FURTHER ORDERED not to dismiss nor transfer to another firm any case in which an attorney from SLP was counsel of record as of the April 22, 2026 hearing"). As such, the Show-Cause Orders constitute an injunction that well exceeds the Court's authority. *Nken*, 556 U.S. at 428.

Indeed, the Show-Cause Orders are largely unrelated to the Court's management of its docket and extend to completely unrelated civil actions. *Fjelstad*, 762 F.2d at 1342. They effectively place SLP's legal practice under this court supervision and requires the firm to divulge trade secrets under California law (i.e., its internal firm management practices and internal deliberations) without any legal authority and *in no way related to this underlying matter*. *See Reeves v. Hanlon*, 95 P.3d 513, 522–23 (Cal. 2004) (law firm client list was misappropriated trade secret under California Uniform Trade Secrets Act); Cal. Civ. Code § 3426.1(d) ("trade secret" defined as information that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy"); *Barrett Bus. Servs., Inc. v. Colmenero,* 2025 WL 2048985, at *1 (9th Cir. July 22, 2025) ("A compilation of generally available or publicly known information may be a trade secret when the compilation itself is not generally known or readily ascertainable."); *Altavion Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 171 Cal. Rptr. 3d 714, 731 (Cal. Ct. App. 2014) (trade secret can comprise of combination of public elements).

The Show-Cause Orders also restrict nonparties' ability to dismiss actions without court permission in cases where this Court has no jurisdiction. Dkt. No. 66, at 9–10. The Show-Cause Orders effectively require actions to remain ongoing

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

even where a party does not wish to continue with his or her action. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) (federal courts must have jurisdiction "over a particular controversy," "limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress"); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."); *Gregory*, 118 F.4th at 1076–77 (sanction authority limited); see *also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress."). This is improper regardless of whether the injunction on dismissals applies to state and/or federal cases: both provide plaintiffs the right to dismiss their cases without court intervention in at least some circumstances and the Show-Cause Orders interfere with that right either way. *See* Cal. Civ. Proc. Code § 581(c) ("A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."); Fed. R. Civ. P. 41(a)(1) (setting forth circumstances under which plaintiffs may dismiss without a court order).

The Show-Cause Orders thus very likely exceed the Court's authority. For these reasons, Plaintiff's Counsel is likely to succeed on the merits of his appeal, his forthcoming writ petition, or both.

**b.  The sanctions were also impermissibly imposed without notice and an opportunity to be heard.**

Plaintiff's Counsel is likely to succeed in challenging the Show-Cause Orders on appeal for a second reason: Plaintiff's Counsel was neither provided notice of, nor an "opportunity to be heard in opposition to them before sanctions were imposed." *Foster*, 504 F.3d at 1052–53. Instead, after a hearing concerning

13

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

the imposition of sanctions on *other SLP attorneys who were already part of the case,* the Court unilaterally directed Mr. Shahian personally—despite the fact that he had never been an attorney record in the case—to (i) provide a full accounting of "[a]ll instances of when *any* court sanctioned SLP since the date the firm *was founded*" (later reduced to the past five years), and (ii) identify SLP's internal management practices for ensuring compliance with California State Bar ethical rules and various court requirements (in general), among other requirements.  Dkt. No. 66, at 8–9 (emphasis added).

The Court also imposed sanctions on SLP—again, without any prior notice or opportunity to be heard—requiring SLP to seek court permission before dismissing this case or any other SLP cases before different jurists, and to provide a copy of the show highly damaging show cause order to SLP's clients seeking a dismissal.  Dkt. No. 66, at 9–10.

Plaintiff is thus likely to succeed on the merits of his appeal, his forthcoming writ petition, or both:  even assuming that the Court had the authority to issue such wide sweeping sanctions for one missed deadline, it is highly unlikely that it has the authority to do so without giving Plaintiff's Counsel an opportunity to be heard—let alone as to attorneys who were not attorneys of record in the case when the pre-trial deadline was missed and were therefore necessarily *not* involved in any such error.  *See Adduono v. World Hockey Ass'n*, 824 F.2d 617, 621–22 (8th Cir. 1987) (reversing sanctions order imposed on attorney "not involved in a proceeding before the district court at the time the sanctions were imposed").

**2.    Absent a stay, Plaintiff's Counsel will be irreparably injured by the enforcement of the Show-Cause Orders.**

Because the Show-Cause Orders have a pressing deadline of compliance within a month, Plaintiff's Counsel will suffer irreparable injury absent a stay because they will be otherwise forced to comply with the Court's unlawful

14

sanctions injunction. *Nken*, 556 U.S. at 434. An injunction imposed on a party in excess of a court's jurisdiction is an inherently irreparable injury, as is the case with the Show-Cause Orders. *See* Section III.A.1., *supra*; *Trump v. CASA, Inc.*, 606 U.S. at 860. This is especially true here. The Show-Cause Orders require Plaintiff's Counsel to release internal firm practices and sanction history (for the previous *five years*) that has ever been issued against it or any of its attorneys for any reason—requirements that will cause irreparable harm to Plaintiff's Counsel's representation among its clients and in the courts where it practices. Dkt. Nos. 66, 95; *Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, 585 Fed.App'x 390, 391 (9th Cir. 2014) (Mem.) ("[P]reliminary relief may be ordered to prevent harm to a movant's reputation and goodwill."); *GlaxoSmithKline LLC v. Boehringer Ingelheim Pharms., Inc.*, 484 F.Supp.3d 207, 226 (E.D. Pa. 2020) ("Harm to reputation or goodwill can constitute irreparable injury because it is 'virtually impossible to quantify in terms of monetary damages.'").

And SLP's clients in other cases, the vast majority of whom are not parties to this action, will not be able to proceed normally in litigation. This is because the Orders force SLP (i) to release its internal management practices, (ii) to identify *all* instances where its attorneys have been sanctioned for totally unrelated matters—a list that will undoubtedly be weaponized against its clients by opposing counsel, (iii) to provide notice of settlements in any cases that settle, thereby precluding the possibility of private settlements; and (iv) to obtain permission courts prior to dismissing actions.

None of this can be remedied following the litigation, as the effect of the Show-Cause Orders and their unlawful components will already be complete by mid-June. For these reasons, Plaintiff's Counsel and their clients will suffer irreparable injury absent a stay.

/ / /

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

### 3.    Defendant Will Not Be Prejudiced By A Stay.

Plaintiff's Counsel is seeking a stay of the Show-Cause Orders and their associated sanctions issued by the Court. *Nken*, 556 U.S. at 434. Defense counsel engaged in the same conduct as Plaintiff's Counsel while being issued a much lighter sanction. As a result, defendant will suffer no prejudice, and the stay will not affect defendant's ability to litigate this matter on the merits. Plaintiff's Counsel is prepared to expeditiously litigate this matter as soon as the unlawful, unjust injunction against it is removed, which will take effect prior to the conclusion of this litigation. Fed. R. Civ. P. 1 ("*just*, speedy, and inexpensive determination of every action and proceeding" (emphasis added)).

### 4.    The Public Interest Supports The Court Issuing A Stay.

Given the likely unlawfulness of the sanctions issued by the Court, the public interest supports issuing a stay in this case. *Nken*, 556 U.S. at 434. As illustrated, the sanctions issued by the Court contravene constitutional and Congressional limits on federal court power and are expressly in contravention of Ninth Circuit authority on the lawful scope of sanctions under the Federal Rules of Civil Procedure due to discovery compliance violations. *Fjelstad*, 762 F.2d at 1342 ("Sanctions imposed under Rule 37(b)(2) 'must be specifically related to the particular "claim" which was at issue in the order to provide discovery.'"). The "[C]ourt did not have authority under either its inherent powers or Rule 37(d) to impose sanctions against [plaintiff and plaintiff's counsel] and exceeded the limits placed upon its discretion by due process." *Id.* at 1343. Preventing clear violations of law articulated by Circuit precedent and due process is in the public interest.

### B.    Plaintiff Has Good Cause to File This Ex Parte Motion.

Under Federal Rule of Civil Procedure 6(c), Plaintiff can apply to move ex parte based on good cause. Fed. R. Civ. P. 6(c)(1)(C) (allowing a party to apply for ex parte relief on good cause).

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT

Plaintiff's Counsel has demonstrated that "good cause" exists to file this motion ex parte. *See* Sections III.A.1.–2., *supra*. Plaintiff's Counsel and their clients are at risk of immediate, irreparable harm and loss based on the impending enforcement of the Show-Cause Orders for numerous reasons, including that those orders actively interfere with the right to dismiss cases based on client wishes, without seeking court approval in a filing that will necessarily call for information that is subject to attorney-client privilege and the work product doctrine.

## IV.    CONCLUSION

The Show-Cause Orders should be stayed pending appellate review. Plaintiff's Counsel has shown that the orders very likely exceed the permissible scope of the Court's sanction authority, that compliance before appellate review would cause irreparable harm, that defendant will suffer no prejudice from a stay, and that the public interest favors preserving the limits on federal judicial authority and the status quo while review proceeds. Because each of the *Nken* factors supports relief, Plaintiff's Counsel respectfully requests that the Court stay the April 28, 2026 and May 6, 2026 Show-Cause Orders pending the resolution of the appeal and forthcoming writ petitions.

Date: May 21, 2026        GREINES, MARTIN, STEIN & RICHLAND LLP
                                          Cynthia E. Tobisman


                                   By:   /s/ Cynthia E. Tobisman
                                          Appellate Attorneys for Plaintiff's Counsel,
                                          Strategic Legal Practices, APC & Strategic Legal
                                          Practices Managing Partner Payam Shahian

17

PLAINTIFF'S COUNSEL'S EX PARTE APPLICATION TO STAY COURT'S
SHOW-CAUSE ORDERS PENDING APPEAL AND WRIT