Larry Chae (SBN 268979)
lchae@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff SANTIAGO TALAVERA CASTRO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US, LLC, <br><br> Defendant. | CASE NO.  5:24-cv-06274-NW <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME TO COMPLY WITH THE COURT'S MAY 6, 2026 ORDER** <br><br> Judge: Hon. Noel Wise |

i

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

## TABLE OF CONTENTS

**Page**

INTRODUCTION                                                                          3

BACKGROUND                                                                          3

DISCUSSION                                                                            5

CONCLUSION                                                                           7

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

**INTRODUCTION**

Plaintiff Santiago Talavera Castro respectfully submits this Ex Parte Application for a 15-Day Extension of Time pursuant to Federal Rule of Civil Procedure 6(b). This application is made in good faith and in furtherance of Plaintiff's desire to comply with the Court's May 6, 2026 Order Continuing Order to Show Cause, Dkt. No. 95 (the "Order") as best he can, after proper due diligence. Plaintiff's counsel Strategic Legal Practices, APC ("SLP") and its founder/managing partner Payam Shahian (collectively, Plaintiff's Counsel) understands the Court's concerns and seeks only the time necessary to adequately address them.

The Order directs Mr. Shahian to file an updated declaration under penalty of perjury providing, among other things, a comprehensive accounting of every sanction imposed on any attorney who has ever worked for SLP for the past five years—including details such as the date of sanction, the issuing court, the amount, and whether the sanction was reportable to the State Bar. Dkt. No. 95, at 1-2. The deadline for Mr. Shahian to file his updated response is June 22, 2026. *Id.*

Plaintiff's Counsel is endeavoring to comply to that order as best able—an order that Plaintiff's Counsel understands to be motivated by the Court's concern with wanting to ensure that SLP's clients are receiving proper attention. That concern, which arose in large part from former SLP partner Tionna Carvalho's off-the-cuff statements at the April 22, 2026 hearing, understandably alarmed the Court. *See* Dkt. No. 66, at 3-6. SLP takes the Court's concern seriously and wants to provide the Court with a response that is accurate, verified, and completed after careful review. As set forth below, good cause supports a brief, 15-day extension of the June 22, 2026 deadline.

**BACKGROUND**

Both parties missed the Court's March 18, 2026 pretrial deadline. Dkt. No. 66, at 1. The Court subsequently issued show-cause orders and various sanctions. Dkt. No. 66. As relevant here, the Court ordered Mr. Shahian, to file a declaration providing an accounting of all sanctions imposed on any SLP attorney in the past five years and an explanation of steps taken to ensure

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

SLP's compliance with all rules (including the rules of professional responsibility, rules of court, and rules of procedure), laws, standing orders, case specific orders, and deadlines. Dkt. No. 95, at 1-2.

Plaintiff's Counsel appealed the order and sought a stay—first in this Court (Dkt. No. 101), and then in the Ninth Circuit (Case No. 26-3280, Dkt. Entry 11). Plaintiff's Counsel was, inter alia, concerned that, although the Court seeks this information to protect consumers, the unintended impacts of the show-cause order would be to undermine Plaintiff's Counsel's clients' rights, and further, that FCA (and other manufacturers) would use any such filing to harm SLP's consumer clients.

On Wednesday, June 17, 2026—just five days before the compliance deadline—FCA filed an opposition to the stay in the Ninth Circuit, even though FCA is not implicated by the show cause order directed solely to Plaintiff's counsel. Case No. 26-3280, Dkt. Entry 13.1. In its opposition, FCA confirmed that it is colluding with other manufacturers—its competitors—to compile a list of all sanctions imposed in every imaginable case where SLP and/or SLP attorney was sanctioned. Case No. 26-3280, Dkt. Entry 15.1, Sheridan Decl. ¶¶ 5-7 & Exs. A, B. That list appears in two charts. *See id.*

The Ninth Circuit denied the emergency stay the following day, on June 18, 2026. Case No. 26-3280, Dkt. Entry 19.1.

Plaintiff now seeks a 15-day extension of the June 22, 2026 deadline so that Mr. Shahian and his ethics counsel have adequate time to review and verify FCA's list and, as best able, to provide the Court with an accurate accounting of the information it has requested.

This includes a detailed description of how SLP is run, including how its case load is managed—so that Plaintiff's Counsel can put the Court's concerns to rest regarding the bases that animated the show-cause orders in the first place. Indeed, Ms. Carvalho's off-the-cuff statements at the April 22, 2026 hearing do not provide a complete—and therefore do not provide an accurate—picture of SLP or how it is handling cases. Simply put: Plaintiff's Counsel seek time to conduct the due diligence necessary to address the Court's concerns.

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

**DISCUSSION**

Federal Rule of Civil Procedure 6(b) authorizes courts to extend deadlines for good cause. Fed. R. Civ. P. 6(b)(1)(A). The standard is "non-rigorous:" "[R]equests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010).

There is no bad faith here. Plaintiff's Counsel seeks additional time precisely because it wants to comply with the Court's Order—and FCA will suffer no prejudice from a 15-day extension. The OSC hearing is not until July 14, 2026, and the extension would still leave FCA and the Court ample time to review Mr. Shahian's updated declaration before that hearing.

***The most pressing basis for the extension*** is FCA's June 17, 2026 filing in the Ninth Circuit—submitted just days ago. In its opposition to the emergency stay, FCA disclosed that it has been compiling a list of sanctions against SLP, in cooperation with other vehicle manufacturers—its own competitors—to build a comprehensive list that it intends to supplement. *See* Case No. 26-3280, Dkt. Entry 15.1, Sheridan Decl. ¶¶ 5–7 & Exs. A, B. Mr. Shahian and his ethics counsel must now review this newly disclosed compilation to verify its accuracy, determine which entries fall within the Court's five-year lookback period, and incorporate any confirmed sanctions into Mr. Shahian's declaration. This is exactly the kind of "independent and complete investigation" the Court has ordered Mr. Shahian to conduct. Dkt. No. 66, at 8.

Several additional factors support the requested extension.

***First***, many of the sanctions identified in FCA's exhibits are not reportable to the State Bar of California, *see, e.g.,* Cal. Bus. & Prof. Code § 6068(o)(3) (sanctions under $1000 not reportable), making them more difficult to locate and verify through SLP's own records, especially because of how SLP's records are maintained, as explained below. Shahian Decl., ¶ 5.

***Second***, compiling the comprehensive chart the Court has requested—covering all current and former attorneys over a five-year period—requires Mr. Shahian to conduct an independent investigation beyond what SLP's existing records readily provide. SLP maintains

5

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

individual case files for each of its matters. SLP does not, however, maintain a single centralized database that records every sanction imposed—together with the issuing court, date, amount, and the specific attorney involved—across all current and former SLP attorneys for a five-year period. Shahian Decl., ¶ 6.

*Third*, Mr. Shahian's other professional commitments make compliance by June 22 impracticable. This includes his role managing SLP's affairs, his work on the prior stay motions, and in other cases such as *Loria v. Kia* (Case No. E085817), where he is defending a jury verdict and cross-appealing the trial court's grant of nonsuit on civil penalties. The hard deadline for Plaintiff's respondent's brief and cross-appellant's brief is July 2. Shahian Decl., ¶ 7.

*Fourth,* FCA—which itself missed the same March 18 deadline that triggered these proceedings—should not be heard to complain about a 15-day extension that will only improve the accuracy and completeness of SLP's response to the Court's Order. Shahian Decl., ¶ 8.

FCA suffers no legitimate prejudice from the extension.

*Fifth*, in contrast, Plaintiff's Counsel will suffer substantial prejudice if the 15-day extension request is denied. FCA and its fellow manufacturers have been assembling ammunition in the form of every imaginable sanction SLP has ever received, including in cases where SLP obtained objectively excellent results for its clients. *See* Shahian Decl., ¶ 9. And more troubling, based on Mr. Shahian's preliminary review, it appears that FCA has claimed the existence of sanctions in cases where SLP was not even sanctioned.

For example, in *Ashgyan v. General Motors*, Case No. 24STCV08237, which settled for $129,000, FCA ostensibly identified a $250 discovery sanction, but Plaintiff's Counsel's review currently shows that no such sanction was issued. Shahian Decl., ¶ 9(a).

Likewise, in *Galindo Cano v. General Motors*, Case No. 30-2023-01320498, which settled for $110,000, FCA ostensibly identified a $500 discovery sanction, but Plaintiff's Counsel's review currently shows that no such sanction was issued. Shahian Decl., ¶ 9(b).

Indeed, not only does it appear that SLP was not sanctioned in these cases, but they also resulted in very favorable settlements to SLP's clients. *See* Shahian Decl., ¶ 9.

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

Moreover, none of FCA's actions in collusion with other manufacturers united front against SLP has anything to do with protecting consumers. Rather, those actions have everything to do with neutralizing an effective consumer advocate.

Notably, FCA is among "the manufacturers with the highest number of lemons" and the "long[est] history of failing to comply with consumer protection and public safety laws." Br. of Consumers for Auto Reliability and Safety as Amicus Curiae Supporting Pet., *Niedermeier v. FCA US LLC*, 15 Cal.5th 792 (2024) (No. S266034), 2021 WL 6423932, at *11-12. FCA is known for aggressively litigating cases to dissuade claims enforcing the lemon law—which "FCA operates in open defiance of." *See Figueroa v. FCA US, LLC,* 84 Cal. App. 5th 708, 714 (2022).

The fact that FCA and other manufacturers are apparently cooperating to compile sanctions against one of the state's leading consumer protection firms underscores the need for Mr. Shahian to have the time to verify the accuracy of FCA's list, consult with ethics counsel, and ensure his declaration adequately responds to the Court's concerns.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a 15-day extension of the June 22, 2026 deadline—to July 7, 2026—for Mr. Shahian to file his updated declaration in response to the Order. The OSC hearing is not scheduled until July 14, 2026, and this brief extension will not prejudice any party. It will, however, provide SLP with the time to conduct the due diligence necessary to prepare the response the Court has directed—one that accounts for the sanctions information FCA and other manufacturers have only just disclosed. It will also give Plaintiff's Counsel the chance to put together a comprehensive description of how SLP's cases are managed, so that this Court can have a complete—and therefore accurate— picture of SLP's operations.

Date: June 22, 2026

ECOTECH LAW GROUP, PC

By:    */s/ Dara Tabesh*

Dara Tabesh
Attorney for Plaintiff Santiago Talavera Castro

PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME