Larry Chae (SBN 268979)
lchae@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff, SANTIAGO TALAVERA CASTRO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC,<br><br>Defendant. | CASE NO. 5:24-cv-06274-NW<br><br>**DECLARATION OF SLP MANAGING PARTNER PAYAM SHAHIAN IN SUPPORT OF PLAINITFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME TO COMPLY WITH THE COURT'S MAY 6, 2026 ORDER**<br><br>Judge: Hon. Noel Wise |

1

DECL. OF SLP MANAGING PARTNER PAYAM SHAHIAN ISO PLAINTIFF'S EX PARTE
APPLICATION FOR 15-DAY EXTENSION OF TIME

## DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, am the managing partner of Strategic Legal Practices, APC. I write this declaration in support of Plaintiff's Ex Parte Application for an Extension of Time to File Comply with the Court's May 6, 2026 Show Cause Order. I can attest to the following facts under oath if called to testify:

1.      After both parties missed the Court's March 18, 2026 pretrial deadline, the Court issued show-cause orders and various sanctions. Dkt. No. 66. As relevant here, the Court ordered that I prepare and file a declaration by June 22, 2026 that accounts for all sanctions imposed on any SLP attorney in the past five years and an explanation of steps taken to ensure SLP's compliance with all rules, laws, standing orders, case specific orders, and deadlines. Dkt. No. 95, at 1-2.

2.      Following unsuccessful attempts to stay the order—made out of concerns that the order would undermine SLP's clients' rights and also that FCA (and other manufacturers) would use any such filing to harm SLP's consumer clients—I seek a 15-day extension of the deadline to comply.

3.      ***The most pressing basis for the extension*** is FCA's June 17, 2026 filing in the Ninth Circuit—submitted just days ago. In its opposition to the emergency stay, FCA disclosed that it has been compiling a list of sanctions against SLP, in cooperation with other vehicle manufacturers—its own competitors—to build a comprehensive list that it intends to supplement. *See* Case No. 26-3280, Dkt. Entry 15.1, Sheridan Decl. ¶¶ 5-7 & Exs. A, B. Strategic Legal Practice's ethics counsel and I must now review this newly disclosed compilation to verify its accuracy and completeness, determine which entries fall within the Court's five-year lookback period, and incorporate any confirmed sanctions into my declaration.

4.      Several additional factors support the requested extension.

5.      ***First***, many of the sanctions identified in FCA's exhibits are not reportable to the State Bar of California, *see, e.g.,* Cal. Bus. & Prof. Code § 6068(o)(3) (sanctions under $1000

DECL. OF SLP MANAGING PARTNER PAYAM SHAHIAN ISO PLAINTIFF'S EX PARTE
APPLICATION FOR 15-DAY EXTENSION OF TIME

not reportable), making them more difficult to locate and verify through SLP's own records, especially because of how SLP's records are maintained, as explained below.

6. **Second**, compiling the comprehensive chart the Court has requested—covering all current and former attorneys over a five-year period—requires Mr. Shahian to conduct an independent investigation beyond what SLP's existing records readily provide. SLP maintains individual case files for each of its matters. SLP does not, however, maintain a single centralized database that records every sanction imposed—together with the issuing court, date, amount, and the specific attorney involved—across all current and former SLP attorneys for a five-year period.

7. **Third**, my other professional commitments make compliance by June 22 impracticable. This includes my role managing SLP's affairs, my work on the prior stay motions, and in other cases such as *Loria v. Kia* (Case No. E085817), where I am defending a jury verdict and cross-appealing the trial court's ruling on the reduced damages that was awarded to Plaintiff.. The hard deadline for my client's respondent's brief and cross-appellant's brief in that case is July 2.

8. **Fourth,** FCA—which itself missed the same March 18 deadline that triggered these proceedings—should not be heard to complain about a 15-day extension that will only improve the accuracy of SLP's response to the Court's Order. FCA suffers no legitimate prejudice from the extension.

9. **Fifth**, in contrast, SLP and I will suffer substantial prejudice if the 15-day extension request is denied. FCA and its fellow manufacturers have been assembling ammunition in the form of every imaginable sanction SLP has ever received—including low-dollar discovery sanction in cases where SLP obtained objectively excellent results for its clients. And more troubling, based on our preliminary review, it appears that FCA has claimed the existence of sanctions in cases where SLP was not even sanctioned. For example:

DECL. OF SLP MANAGING PARTNER PAYAM SHAHIAN ISO PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME

     a. In *Ashgyan v. General Motors*, Case No. 24STCV08237, which settled for $129,000, FCA ostensibly identified a $250 discovery sanction, but our review currently shows that no such sanction was issued;

     b. In *Galindo Cano v. General Motors*, Case No. 30-2023-01320498, which settled for $110,000, FCA ostensibly identified a $500 discovery sanction, but our review currently shows that no such sanction was issued.

Indeed, not only does it appear that SLP was not sanctioned in these cases, but they also resulted in very favorable settlements to SLP's clients.

10. None of FCA's actions has anything to do with protecting consumers. Rather, those actions have everything to do with neutralizing an effective consumer advocate.

11. Notably, FCA is among "the manufacturers with the highest number of lemons" and the "long[est] history of failing to comply with consumer protection and public safety laws." Br. of Consumers for Auto Reliability and Safety as Amicus Curiae Supporting Pet., *Niedermeier v. FCA US LLC*, 15 Cal.5th 792 (2024) (No. S266034), 2021 WL 6423932, at *11-12. FCA is known for aggressively litigating cases to dissuade claims enforcing the lemon law—which "FCA operates in open defiance of." *See Figueroa v. FCA US, LLC,* 84 Cal. App. 5th 708, 714 (2022).

12. The fact that FCA and other manufacturers are apparently cooperating to compile sanctions against one of the state's leading consumer protection firms underscores the need for adequate time to verify the accuracy of FCA's list, consult with ethics counsel, and ensure my declaration is accurate and completed with proper due diligence.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 22, 2026, at Los Angeles, California.

Date: June 22, 2026

                          */s/ Payam Shahian*

                          Payam Shahian

DECL. OF SLP MANAGING PARTNER PAYAM SHAHIAN ISO PLAINTIFF'S EX PARTE APPLICATION FOR 15-DAY EXTENSION OF TIME