Payam Shahian (SBN 228506)
pshahian@slpattorney.com
Larry Chae (SBN 268979)
Email: lchae@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
1888 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone:  (310) 929-4900
Facsimile:   (310) 943-3838

Dara Tabesh (SBN 230434)
Email: dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

Attorneys for Plaintiff SANTIAGO TALAVERA CASTRO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO,<br><br>            Plaintiff,<br><br>    vs.<br><br>FCA US, LLC,<br><br>            Defendant. | Case No.: 5:24-CV-06274-NW<br>*Judge: Hon. Noel Wise*<br><br>**SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN IN RESPONSE TO THE COURT'S MAY 6, 2026 ORDER CONTINUING ORDER TO SHOW CAUSE (DKT. 95)**<br><br>Date: July 14, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Noël Wise |

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

I, PAYAM SHAHIAN, declare as follows:

1.      I am an attorney licensed to practice law in California and before this Court. I am the founder and managing partner of Strategic Legal Practices, APC ("SLP"), counsel of record for Plaintiff Santiago Talavera Castro. I submit this supplemental declaration in response to the Court's May 6, 2026 Order Continuing Order to Show Cause (Dkt. 95) (the "May 6 Order"), which continued and amended the Court's April 28, 2026 Order Imposing Sanctions and Continuing Order to Show Cause (Dkt. 66) (the "April 28 Order"). I make this declaration based on my personal knowledge and, as to matters identified through firm records, on information and belief, including information assembled and reviewed through outside ethics counsel retained by SLP to assist me in responding to the Court's Orders. If called as a witness, I could and would testify competently to the matters set forth herein.

2.      I provide the information in this declaration without waiving, and expressly reserving, the attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection. Nothing herein is intended as, or should be construed as, a waiver of any privilege or protection held by SLP, by me, or by any client of SLP. Any communications with, or materials prepared by or at the direction of, outside ethics counsel are submitted solely for the limited purpose of responding to the Court's Orders.

3.      As an initial matter, I apologize that this Declaration was filed past the 5:00 pm deadline on July 1, 2026. Prior to finishing and close to the deadline, I was double checking citations to the chart referenced below in footnote 1 and found that one of them was inaccurate and went through to confirm the accuracy of all such citations prior to finalizing.

**Basis, Scope, and Limitations of This Declaration**

4.      This declaration is limited to the five years prior to the May 5, 2026 hearing, consistent with the five-year scope set forth in the May 6 Order. As the managing partner, I am not able personally to review the files and the docket of every case the firm handles or has handled, and I cannot attest from personal knowledge as to the files and docket entries of matters that were handled by other attorneys at the firm. While SLP maintains an individual case file for

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

each of its matters, SLP does not, however, maintain a single centralized database that records every sanction ever imposed—together with the issuing court, the date, the amount, and the specific attorney involved—across all current and former SLP attorneys, including for the past five years. Accordingly, a complete five-year reconstruction is not feasible from a single source.[1] The limitations described above on the comprehensive, docket-by-docket investigation that the Court's Orders contemplate is not feasible.

---

[1] This includes the charts that other manufacturers have prepared which in addition to having duplicative entries, based on a sampling, have proven to be unreliable and inaccurate. For example, FCA has compiled such a chart, in cooperation with other vehicle manufacturers, which it disclosed in its June 17, 2026 filing in the Ninth Circuit opposing an emergency stay. *See* Case No. 26-3280, Dkt. Entry 15.1, Sheridan Decl. ¶¶ 5–7 & Exs. A, B. Based on a sampling, that chart contains significant inaccuracies.

For example: (a) in *Ashgyan v. General Motors*, Case No. 24STCV08237, which settled for $129,000, the chart identifies a $250 discovery sanction, but this was a $250 sanction on SLP, for failure to file trial documents, payable to the court (in plaintiff's ex parte application filed on June 22, 2026, I mistakenly said that there were no sanctions issued in this case, but after further review, I realized that was inaccurate. I apologize for my error); (b) in *Galindo Cano v. General Motors*, Case No. 30-2023-01320498-CU-BC-CJC, which settled for $110,000, the chart identifies a $500 discovery sanction, but no such sanction was issued; (c) in *Rodriguez v. General Motors*, Case No. CIVSB2228894, which settled for $58,000, the chart identifies a $1,000 sanction against SLP attorney David Lunn as payable to the court and reportable to the State Bar, but no such sanction was ever imposed—the sanction was conditional and was vacated on October 6, 2025; (d) in *Munoz Velasco v. General Motors*, Case No. 24STCV11039, which settled for $50,000, the chart identifies a $500 sanction against SLP for an alleged failure to comply with trial local rules, but that sanction was stricken on November 19, 2025, and, as originally entered, the sanctions before being stricken imposed $250 on each side—not $500 against SLP alone; (e) in *Kay v. General Motors*, Case No. CVPS2407607, the chart identifies a $250 discovery sanction attributed to SLP, but no sanction was imposed against SLP—the only sanction of record issued prior to the May 5, 2026 hearing date is a $250 sanction imposed on GM's own counsel, Erskine Law Group, PC, payable to the Clerk of the Court ; (f) in *Plasencia v. General Motors*, Case No. CIVSB2305743, the chart identifies a $250 sanction payable to the court for a failure to appear, but that sanction was imposed on GM's own counsel, Erskine Law Group, for GM's own failure to appear—not on SLP. and (g) in *Mendoza v. General Motors*, Case No. 24CU022697C, which settled for $96,000, the chart identifies only a $225 sanction against SLP, whereas the order in fact imposed $225 payable to defense counsel and $999 payable to the court. I note this matter not because the chart overstates the sanctions, but because it understates it; in the interest of candor to the Court, I disclose the full amount imposed even though it exceeds what the chart reflects. These seven matters reflect the extent of my review of FCA's compiled chart to date; my review ended there because of the significant time it took to review the dockets and determine because I was not personally involved and have no personal knowledge, and I express no view as to the accuracy of the remaining entries, which I have not reviewed.

3

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

5.      Within those constraints, I have undertaken a good-faith inquiry, with the assistance of outside ethics counsel, limited to the five-year period ending prior to the May 5, 2026 hearing, and I provide the following: As to *federal-court* sanction matters involving SLP attorneys, attached hereto as Exhibit 2 are the federal-court sanctions that I am able to report, all dated prior to May 5, 2026.

6.      As to *state-court* sanctions against SLP (the firm), the reportable sanctions of $1,000 or more with court order dates within the five years preceding the May 5, 2026 hearing of which I am aware following the inquiry conducted by myself with the assistance of outside ethics counsel are sent out, with the State Bar reporting status for each, in the chart attached hereto as Exhibit 1. Because reporting of reportable sanctions is handled through outside ethics counsel, the information most reliably available to me on a firm-wide basis is the reportable ($1,000-and-above) tier, and that is the information I am able to provide for SLP as a whole with the caveat that while SLP and myself use the firm's outside ethics counsel to handle reportable sanctions and direct other attorneys to do the same that is not a firm requirement because it is ultimately the responsibility of each attorney to comply with their reporting obligations as to any sanctions issued against them. See B&PC Section 6068(o)(3).

7.      **Last new client retained prior to the May 5, 2026 hearing.** As required by the May 6 Order, the most recent date on which SLP took on (signed up) a new retained client prior to the May 5, 2026 hearing was May 4, 2026.

8.      **Personal sanctions.**

**Responses to the Categories Set Forth in the Court's Order**

Consistent with the May 6 Order, I repeat each category from the April 28 Order (Dkt. 66, at 8–9) verbatim, followed by my response.

**Item No. 1.**

> *Whether Mr. Shahian has ever been personally sanctioned by any court, regardless of whether the sanction was reportable to the State Bar of California, and if so, in chart format:*

4

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

- *the date of sanction;*
- *the court that issued the sanction;*
- *the amount of the sanction; and*
- *when the sanction was paid.*

**Response:** I am not aware of any state or federal court imposing sanctions against me personally within the relevant time period of May 5, 2021 to prior to the May 5, 2026 hearing.

**Item No. 2.**

> *If the court imposed a sanction on Mr. Shahian other than a monetary sanction, including for example, issue preclusion or dismissal, then provide the date of the sanction, the issuing court, and a description of the sanction.*

**Response:** I am not aware of any non-monetary sanction (including any issue-preclusion or dismissal sanction) imposed against me personally by any court within the relevant time period of May 5, 2021 to prior to the May 5, 2026 hearing.

**Item No. 3.**

> *Any instance where a court found Mr. Shahian breached professional conduct obligations, irrespective of any sanction.*

**Response:** I am not aware of any instance in which a court has made a finding that I personally breached professional conduct obligations within the relevant time period of May 5, 2021 to prior to the May 5, 2026 hearing date.

**Item No. 4.**

> *If Mr. Shahian has not personally been the subject of any sanction, he must specifically attest to that assertion.*

**Response:** I attest that I am not aware of having been the subject of any sanction by any court within the relevant time period of May 5, 2021 to prior to the May 5, 2026 hearing date.

**Item No. 5.**

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

> *A chart, in alphabetical order by name, that includes all instances of when*
>
> *a court sanctioned any attorney for conduct that occurred during the time*
>
> *that attorney worked for SLP, including all current and former attorneys*

**Response:** I respectfully state that I am not able to certify a single, all-inclusive chart of every sanction of any amount imposed on every current and former attorney for conduct during their time at SLP, even for the past five years. As explained above, SLP does not maintain a centralized database capturing that information firm-wide; the firm's roster of attorneys and contract attorneys has changed over time; and I cannot personally verify, from the dockets of and files of these individual matters I did not handle, the existence, amount, or basis of every sanction. To comply to the fullest extent presently practicable, and limited to the five-year period ending May 5, 2026, I provide: (i) in Exhibit 1, the state-court SLP reportable sanctions of $1,000 or more with court order dates within that five-year period identified through the inquiry conducted with outside ethics counsel, with State Bar reporting status; and (i) in Exhibit 2, the federal-court sanction matters involving SLP attorneys, of which I am aware, limited to the five-year period.

**Item No. 6.**

> *All instances of when any court sanctioned SLP since the date the firm was*
>
> *founded. For each instance, Mr. Shahian must provide all the same*
>
> *information set forth in items 1–3 above.*

**Response:** Consistent with the five-year scope of the May 6 Order, and subject to the limitations in paragraphs 3–5, the instances of which I am aware in which a court imposed a sanction of $1,000 or more on SLP (the firm) with a court order date within the five years preceding May 5, 2026 hearing date are set forth in Exhibit 1, and the federal-court matters are set forth in Exhibit 2. This reflects the firm-level sanction information I am able to provide on personal knowledge and through the inquiry conducted with outside ethics counsel.

**Item No. 7.**

> *If any sanction listed in Mr. Shahian's declaration (meaning a sanction*
>
> *against him personally, a sanction issued against anyone who worked at*

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

*SLP, or a sanction against the firm itself) is greater than or equal to $1,000, he must provide the date the sanction was reported to the State Bar and the name of the person who reported it. If any sanction that was greater than or equal to $1,000 was not reported to the State Bar, Mr. Shahian must explain why he did not report the sanction.*

**Date and manner of reporting.** State Bar reporting of the firm's reportable sanctions has been handled by the firm's first (original) outside ethics counsel Nemecek & Cole.

**Individual responsibility.** I further note that, under California Business and Professions Code section 6068(o)(3), the obligation to self-report a qualifying sanction rests with the individual attorney who is the subject of the sanction. SLP encourages and facilitates compliance with that obligation, including by making outside ethics counsel available to assist with reporting; the firm does not, however, require that an individual attorney's State Bar reporting be routed through firm ethics counsel rather than completed by the attorney directly.

**Item No. 8.**

*A thorough explanation of what steps he has personally taken, and when he took those steps, to ensure that every lawyer in his firm complies with all rules (including the rules of professional responsibility, rules of court, and rules of procedure), laws, standing orders, case specific orders, and deadlines.*

**Response:** I take the Court's workflow and firm-management concerns very seriously and want to provide a very thorough explanation of what steps I have taken personally and when I have taken those steps to ensure that SLP's attorneys are complying with all rules/laws/orders/deadlines.

Prior to the enactment of the new lemon law statute, SLP's workflow and case-management systems had been largely effective at ensuring that SLP's attorneys complied with all rules/laws/orders/deadlines—as is evident from the charts. (See Exhs. 1-2 [reflecting only 1 reportable pre-April 2025 sanctions imposed against SLP itself. But the new lemon law's

7

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

enactment in January 2025, which did not go into effect until May 2025, has had the effect of expediting the pace as to which lemon law cases are litigated. SLP's workflow and case-management systems showed its cracks towards the later part of that year. In response, I implemented and have been continuing to implement a set of concrete measures, described below, to strengthen supervision, training, deadline management, and compliance across the firm. These efforts have intensified in or around March of 2026. I describe those specific measures below.

The strain imposed by the increased pace of lemon-law litigation in the wake of the enactment of the new lemon law statute is not unique to SLP and reflects a broader structural shift affecting Song-Beverly litigation statewide. Effective May 1, 2025, statutory amendments to the Song-Beverly Consumer Warranty Act—enacted through AB 1755 and modified by SB 26—permitted manufacturers to opt in to certain procedural and substantive changes. Among the most consequential was the new limitations structure codified at Code of Civil Procedure section 871.21, which requires actions to be commenced within one year after the expiration of the applicable express warranty and in no event more than six years after the vehicle's original delivery date—a substantial compression of the limitations framework that had previously governed Song-Beverly claims. A second operative date followed on July 1, 2025, when the pre-suit notice and other requirements of Code of Civil Procedure section 871.24 became effective, materially altering the procedural landscape for any action commenced thereafter. Together, the compressed limitations period under section 871.21 and the pre-suit notice requirements of section 871.24 produced a substantial, time-compressed surge of filings across California—first in advance of May 1, 2025, and again in advance of July 1, 2025—as consumers and counsel sought to preserve pre-amendment procedural rights. The volume of cases filed in the months leading up to those two dates has now matured into active trial dates.

To manage the increased pace of lemon-law litigation, including to ensure that all SLP attorneys are complying with all rules/laws/orders/deadlines. I have instituted and am continuing to institute the following measures (including dates):

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

(a) **Restructuring, supervision, hands-on training.** ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████ .

(b) **Recent hiring to support motions, discovery, and trial work.** ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ .

(c) **Firm-wide case-management system.** ████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████ .

(d) **Electronic service and routing reforms.** In implementing the new case management system, I identified a recurring problem in how electronic service and case correspondence were being routed. In a number of matters, service

9

emails and meet-and-confer correspondence were not reaching the responsible attorney or team, or were not being captured in the firm's routing system, because they were directed only to individual attorney addresses or to a firm-wide inbox rather than to the case-specific service address SLP had designated and filed with the with the various courts. Beginning in the middle of 2025, SLP instituted a case-specific electronic service address for each matter (incorporating the vehicle identification number, in the form SLPCaseDocs+[VIN/identifier]@slpattorney.com), in order to ensure that service and correspondence are reliably routed to, and tracked for, the responsible attorney and staff in the correct matter. SLP designated case specific VIN email address because its prior practice of using a single firm-wide inbox (emailservices@slpattorney.com) as its service address, had created confusion for both routing purposes and because the firm handles multiple matters involving clients with identical or similar names. However, many manufacturers did not follow this process and as a result SLP has an automated response e-mail informing all law firms to use the case specific designated e-mail address.

(e) **Workflows, templates, accountability task tracking.** ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

(f) **Continuing legal training.** As I informed the Court in my May 5, 2026 declaration, SLP intended to implement periodic training conducted by outside

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN

ethics counsel. Consistent with that representation, the firm held its first such training in June 2026. This was a one-hour meeting that covered, among other things, the importance of not just the rules of Civil Procedure but also the local rules and standing orders that can vary from judge to judge. The session was both well-attended and well-received and, given the number of attorneys who have recently joined the firm, particularly productive. The firm intends to continue this training on a monthly basis going forward to ensure that all SLP attorneys are complying with all rules/laws/orders/deadlines.  The firm has also made available to all attorneys electronic versions of the Rutter Practice Guides, including the Rules of Professional Conduct and may of Westlaw's new avaible  options, including Co-Counsel.

(g)    **Consolidated case workspace.** ███████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████

(h)    **Active litigation against manufacturers.** ████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

11

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

9.      I respectfully reiterate that, as managing partner, I cannot personally review the docket of each individual case SLP has handled in the last five years, and I have provided the information in this declaration and the attached exhibits based on my personal knowledge and the good-faith inquiry I have been able to conduct with outside ethics counsel within the time and resources available. I am training the firm's newly hired attorneys, setting up new systems and workflows together with my new partners, and working to navigate the litigation landscape created by the statutory changes described above. Ultimately, in this case, both parties missed the Court's March 18, 2026 pretrial deadline. The parties have since filed their joint trial exhibits and have otherwise complied with the Court's pretrial requirements, and as a result Plaintiff respectfully requests that the Court discharge the OSC against me and proceed with the trial of this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2026, in Los Angeles, California.

_____/s/ Payam Shahian_____
Payam Shahian

12
SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN