United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TALAVERA CASTRO,<br>Plaintiff,<br>v.<br>FCA US, LLC,<br>Defendant. | Case No. 24-cv-06274-NW<br><br>**ORDER IMPOSING SANCTION AND DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 66, 95 |

The Court assumes familiarity with the background of this Song-Beverly Consumer Warranty Act (also known as lemon law) case, as outlined in the Court's prior orders and the parties' filings. *See* ECF Nos. 28, 31, 32, 43, 46, 47, 49, 50, 51, 57, 61, 66, 67, 95, 109, 111, 113.

On July 14, 2026, the Court held an Order to Show Cause hearing with Plaintiff's counsel, Payam Shahian and Larry Chae, and Defendant's counsel, Michael Mehall, present. The Court reviewed on the record the history of the case, the series of events instigating the Court's initial and follow up Orders to Show Cause, and counsels' responses to those Orders.

The Court focused on addressing the concern that animated its initial inquiry into Plaintiff's counsel's firm, Strategic Legal Practices ("SLP"), following SLP's failure to file anything substantive in this case between July 31, 2024, when SLP initiated the action on behalf of Plaintiff Talavera Castro, and March 23, 2026; this includes SLP's failure to file any of the myriad pretrial materials that were due on March 18, 2026, for a jury trial that was set to begin on April 13, 2026. For the Court to properly evaluate what sanction, if any, would be appropriate, the Court needed to understand whether there was an emergency, a reasonable mistake, or whether there was more serious or systemic misconduct that caused SLP's failure to comply with Court Orders. The Court had a heightened concern because it learned that SLP counsel—the same

United States District Court
Northern District of California

counsel of record in Mr. Talavera Castro's case—had been sanctioned in another case in this District for lack of trial preparedness less than two weeks earlier.[1] *See Lopez v. Ford Motor Co*., No. 24-CV-02155-BLF, 2026 WL 782497 (N.D. Cal. Mar. 19, 2026).

The Court's inquiry was further intended to elucidate whether SLP's failure to comply with Court Orders was isolated to particular attorneys or was prevalent firm-wide. The Court soon learned that just the SLP lawyers who were counsel of record in *this* case had personally been sanctioned, in some instances in conjunction with a sanction to SLP, 31 times in less than 18 months.

During the Court's April 22, 2026 continued hearing on the OSC, Ms. Carvalho (the SLP partner then assigned to this case) estimated that SLP currently had approximately 10,000 cases and only two partners, herself and Mr. Payam Shahian (the founder and managing partner). Ms. Carvalho then provided the Court with a hard copy of a March 26, 2026 order from the Central District of California, a case in which Ms. Carvalho was also counsel of record. The judge imposed a $10,000 sanction against SLP but queried in the text of the order whether even that serious sanction was adequate. *Brittany Michelle Chapman v. FCA US, LCC,* No. 2:25- CV-07336-SB-SK, ECF No. 83, (C.D. Cal. Mar. 26, 2026). The first paragraph of that order states:

> Plaintiff Brittany Michelle Chapman retained Strategic Legal Practices APC (the Firm) to represent her in this consumer warranty action. What followed was not merely inadequate representation but an abdication of counsel's core professional responsibility of providing competent, diligent, and accountable representation. The

---

[1] As this Court noted in its April 28, 2026 Order:

> In *Lopez*, the court found that Ms. Tirmizi had violated Rule 11(b) by engaging in "uncivil name calling and a material misrepresentation of procedural facts." *Lopez*, 2026 WL 782497 at *2. The court emphasized that "[t]he fact that these statements were mistakenly included because they were taken from a template only serves to show the degree of carelessness involved, which is inconsistent with an objective standard of reasonableness for an officer of the court." *Id.* Tionna Carvalho, Elizabeth LaRocque, and Rabiya Tirmizi were counsel of record in *Lopez*. The court held Ms. Tirmizi and SLP jointly responsible for paying the sanction of $500. As discussed further in this Order, Ms. Tirmizi has since filed a notice of disassociation from SLP.

ECF No. 66 at 2.

> record reveals a volume-driven business approach to litigation—marked by perfunctory line-level attention, lack of meaningful supervision, and execution falling well below professional standards. Most strikingly, counsel approved and filed critical trial documents that effectively doomed their client's case by requiring Plaintiff to prove she purchased a "new" vehicle, despite the undisputed fact that it was preowned. These deficiencies were further compounded by counsel's failure to conduct a reasonable factual and legal investigation, to comply with basic pretrial obligations and court orders, and to provide timely and adequate responses when called to account. Taken together, the record reflects not isolated error, but a systemic breakdown in professional responsibility warranting sanctions.

*Id.*

As the enormous scope of SLP's misconduct became clear, the Court was mindful of its larger ethical duties. These include:

- Judicial Canon 1, "A judge should maintain and enforce high standards of conduct;"
- The commentary to Canon 3A(5), "A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs;" and
- The commentary to Canon 3B(6), "Public confidence in the integrity and impartiality of the judiciary is promoted when judges take appropriate action based on reliable information of likely misconduct. . . . Appropriate action may include direct communication with the . . . lawyer, other direct action if available, [including] reporting the conduct to the appropriate authorities."[2]

*See* Canons 1, 3A(5), 3B(6), Code of Conduct for United States Judges [available at https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges].

The Court sought to gather sufficient information to determine what constitutes an "appropriate action" given the unusual facts. The focus of the Court's latter inquires into SLP has been on Mr. Shahian, not only because he is the firm's founder and managing partner, but also

---

[2] Reporting conduct to the appropriate authorities may include making a confidential referral to a relevant assistance program.

because the Court understood that as of May 1, 2026, when Ms. Carvalho was leaving the firm, Mr. Shahian would be sole remaining partner at SLP.

Despite numerous Orders issued during hearings, and in writing, Mr. Shahian did not comply with the Court's Orders to Show Cause. Despite several extensions of time, he repeatedly failed to provide comprehensive information regarding sanctions against SLP and its attorneys over the last five years, asserting that he could not provide it and that the information was not relevant to any potential sanction in this action. It is not clear to the Court whether Mr. Shahian failed to provide this data because he and SLP have elected not to maintain any records about when SLP or its attorneys are sanctioned (including the amounts of those sanctions, if and when they are paid, and if and when mandatory reporting to the California State Bare was completed), or because the number of sanctions is so voluminous or has resulted in non-compliance with mandatory reporting to the State Bar, that Mr. Shahian decided it was better to violate a Court Order than to disclose this information to the Court. Either option reflects professional misconduct.

Based only on the incomplete accounting that Mr. Shahian did disclose to the Court, SLP was sanctioned $23,000 from October 2025 to May 2026. This is separate from the tens of thousands of dollars in sanctions various courts imposed on SLP lawyers personally. Yet, this amount was not sufficient to deter SLP's misconduct, *see Timmerman v. FCA US, LLC*, No. 25-CV-00400-TLT, 2026 WL 1947623, at *1 (N.D. Cal. July 6, 2026), nor was it sufficient to stop SLP from taking on new clients while the firm addressed its inability to professionally manage the cases it already had. ECF No. 113 at 3.

As a result, and as ordered during the July 14, 2026 hearing, the Court ORDERS the following:

- The Court imposes a sanction of $25,000 against SLP, to be paid to the Clerk of the Court by August 13, 2026.
- By August 13, 2026, Mr. Shahian must provide a copy of this Order to the California State Bar Office of Attorney Discipline, and must also specifically report to their office this sanction, and all other monetary sanctions (of any amount, regardless of whether

United States District Court
Northern District of California

any individual monetary sanction was below the $1,000 mandatory reportable threshold), that any court, state or federal, has imposed on SLP or any attorneys who have appeared on behalf of SLP from October 1, 2024, through the date of this Order.

- By July 28, 2026, Plaintiff's counsel shall file a signed declaration from Plaintiff Santiago Talavera Castro indicating that he understands and accepts the Offer of Judgment. The Court will address the proposed judgment, ECF No. 116, after receiving Plaintiff's declaration. All upcoming pretrial dates and deadlines are vacated.
- The Court discharges the Order to Show Cause.
- Plaintiff's administrative motion to file under seal, ECF No. 110, is denied for lack of compelling reasons shown.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Noël Wise
United States District Judge